LOCKE, Appellant v. ERICKSON, Respondent

(181 N.W.2d 100)

(File No. 10796.   Opinion filed November 10, 1970

**David V. Vrooman,** Sioux Falls, for appellant.

**Gordon Mydland,** Atty. Gen., **John S. DeVany,** Asst. Atty. Gen., Pierre, for respondent.

HANSON, Judge.

On January 21, 1969 Billy Locke, alias Bill Johnson, entered a plea of guilty to the crime of third degree forgery in the Circuit Court, Roberts County, and was sentenced to serve five years in the State Penitentiary. In this habeas corpus proceeding he contends to be unlawfully restrained of his liberty by the Warden of the Penitentiary because of the following alleged violations of constitutional rights:

1. The justice of the peace denied him a preliminary hearing and did not advise him of his rights to court-appointed counsel and of other constitutional rights;

2. The court appointed incompetent counsel to represent him; and

3. His desire to withdraw his plea of guilty was not communicated to the court.

There is an unabridged gap between the claimed violations and their proof. On November 20, 1968 a warrant for the arrest of Bill Johnson was issued by the justice of the peace of Roberts County. The warrant was returned on

November 21st with petitioner in custody. The justice transcript shows the complaint was read and petitioner was informed of his rights and bond fixed at $250. The hearing before the justice of the peace was then continued until November 25, 1968 upon petitioner's request for time to seek legal counsel. In the interim between November 21 and November 25 petitioner conferred with two different attorneys. On November 25, 1968, he waived preliminary hearing and was bound over to circuit court.

A. O. Hammer, the Justice of the Peace, died a few days after petitioner was bound over to circuit court. However, the certified transcript of the justice proceedings is prima facie evidence of the facts stated therein. SDCL 15-37-4, 23-1-3 and 23-27-21, and affirmatively shows petitioner was not denied a preliminary hearing and was fully informed and advised of his rights. This was verified in all respects by the testimony of the Roberts County Deputy Sheriff. The trial court could reasonably conclude this record was not impeached by the oral testimony of petitioner and a fellow prisoner. "Mere assertions of denial of constitutional rights do not entitle a party to relief unless found to be true upon adequate proof submitted at the hearing." State v. Roth, 84 S.D. 44, 166 N.W.2d 564.

■ The justice of the peace did not advise petitioner he had a right to be represented by court-appointed counsel at the preliminary hearing. The justice, at the time, had no authority and was under no obligation to do so, State ex rel. Stevenson v. Jameson, 78 S.D. 431, 104 N.W.2d 45.

■ On June 22, 1970 the United States Supreme Court in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, held that a preliminary hearing is a "critical stage" of a state's criminal process at which an accused is as much entitled to the aid of counsel as at the trial itself. The court did not indicate whether or not this new constitutional concept would apply retroactively. In this regard, the constitution neither prohibits nor requires retrospective effect of new constitutional standards governing criminal trials. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601. "The criteria guiding resolution of the question impli-

cate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a  retroactive application of the new standards." Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. See also Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248.   In South Dakota our law enforcement officials have relied upon the constitutional standard expressed in State ex rel. Stevenson v. Jameson, 78 S.D. 431, 104 N.W.2d 45, since statehood.  Consequently, the effect on the administration of justice in this state of a retroactive application of the new Coleman standard would be disastrous.  Therefore, we believe the Coleman decision must, as a matter of public policy and protection, be given prospective effect only from and after June 22, 1970.  In arriving at the same conclusion in Konvalin v. Sigler, 8 Cir., 431 F.2d 1156, the United States Court of Appeals for the Eighth Circuit stated "Although it might be said that the ruling in **Coleman** had been foreshadowed, there is no doubt that a great many states followed the rule as applied in this circuit, that counsel at the preliminary hearing was not necessary where the proceedings were not in any way considered prejudicial to the trial itself * * * State law enforcement officials undoubtedly have relied upon this weight of authority.  To apply the rule retroactively would be the genesis for literally hundreds of post-conviction evidentiary hearings which in sheer numbers would virtually shatter the bounds of reality."

When petitioner appeared in circuit court for arraignment on December 19, 1968 counsel of his own choice was appointed to represent him at public expense.  He was given as much time as needed to confer with counsel before proceeding with the arraignment.  Later the same day he appeared before the Honorable Philo Hall and represented he had all the time needed or desired and wished to proceed with the arraignment.  After being fully informed of his rights, a plea of guilty was entered.

During the course of his arraignment petitioner represented to the court his true name was "Bill Johnson".  Under that name his criminal record was clean.  Therefore, be-

cause of his good record, age, and the nature of the offense his counsel recommended probation instead of a sentence. The court was receptive but prophetically explained to petitioner it was "not the practice of this Court to grant probation without a presentence investigation. Now, a presentence investigation might place you in a less favorable light than you now appear before the Court. There is always that possibility. The purpose of the presentence investigation is to see whether you are suitable for suspension of imposition of sentence." After this explanation petitioner expressed his willingness to have the hearing continued until January 21, 1969 pending a presentence investigation. Thereupon, the court reduced petitioner's bond to $100 pending the adjourned hearing.

■ At the hearing on January 21, 1969 the presentence investigation disclosed petitioner's true name to be "Billy Locke" and he had a prior criminal record. Also other information given to the court at the time of arraignment was not true. Consequently, the court imposed a sentence instead of granting probation. The sentence imposed was the direct result of petitioner's false representations concerning his true identity and past criminal record. Responsibility cannot now be shifted to his counsel who was laboring under the impression he was representing an accused named "Bill Johnson" who had no FBI record and was worthy of probation instead of a penitentiary sentence.

■ There is furthermore no merit to petitioner's final contention that his desire to change his plea was not communicated to the court. The following excerpts from the record of the hearing on January 21, 1969 reveal petitioner was given several opportunities to make this fact known to the court if he so desired:

At the commencement of the hearing the court asked petitioner:

"Are you the same defendant who was before the Court on December 19, 1968 on a charge of Forgery in the Third Degree?"

BY THE DEFENDANT: "Yes, sir."

BY THE COURT: "And was the plea of guilty your plea?"

BY THE DEFENDANT: "Yes, sir."

Later on during the hearing the court inquired:

"Is there anything further you wish to bring to the attention of this Court before sentence is pronounced?"

BY THE DEFENDANT: "No, sir."

Before pronouncing sentence the court again inquired if there was

"any legal reason why sentence should not now be pronounced?"

BY THE DEFENDANT: "No, sir."

BY THE COURT: "Counsel?"

BY MR. CAMERON: "We have none, Your Honor."

Affirmed.

All the Judges concur.