501 P.2d 664

Mrs. Sandy VALLO, Appellant,

v.

The STATE BOARD OF HEALTH AND SO-
CIAL SERVICES and Richard W. Heim,
Individually and in His Official Capacity
as Executive Director of the New Mexico
Health and Social Services Department,
Appellees.

No. 865.

Court of Appeals of New Mexico.

July 28, 1972.

Rehearing Denied Sept. 5, 1972.

Certiorari Denied Oct. 4, 1972.

Jonathan Spack, H. Reed Wasson, Zuni
Legal Aid & Defender Society, Zuni, for
appellant.

David L. Norvell, Atty. Gen., Robert L.
Laughlin, James G. Huber, Agency Asst.
Attys. Gen., Santa Fe, for appellee.

OPINION

HENDLEY, Judge.

Appellant's application for eligibili-
ty to participate in the Commodity Foods
Program was denied. Points II and III
relating to the hearing examiner's failure
to render a decision after the hearing are
dispositive of the appeal.

We reverse.

Section 13–1–18, N.M.S.A.1953
(Repl.Vol.1968, Supp.1971) provides in
part:

"A. If an application is . . . de-
nied in whole . . . the applicant
. . . may appeal for a fair hearing by
a hearing officer in the manner and form
prescribed by the state board. . . .

"* * *

"C. Notice of the hearing officer's or state board's decision and order shall be sent to the applicant. . . .

"D. The director of the health and social services department may issue a decision and order superseding that of the hearing officer within twenty [20] days after issuance of the hearing officer's decision and order. If the director issues a decision and order superseding that of the hearing officer, he shall send a copy to the applicant. . . ."

Section 13–1–18.1, N.M.S.A.1953 (Repl. Vol.1968, Supp.1971) provides in part:

"A. Within thirty [30] days after receiving written notice of the decision and order of the hearing officer or that of the director . . . an applicant . . . may appeal the decision and order. . . ."

While the board may regulate the "manner and form" of the hearing procedure this authority cannot divest the hearing officer of his authority to make a decision and issue an order based on the hearing. The plain meaning of the statutes quoted above makes it mandatory that the hearing officer *shall* issue a decision and order regarding the application after a fair hearing. This requirement cannot be delegated as contemplated by H.S.S. Reg. 275.33 and H.S.S. Reg. 275.48 which state:

"275.33—*AUTHORITY FOR DECISION-MAKING FOLLOWING HEARING*—The State Board of the Health and Social Services Department has delegated to the Executive Director the responsibility for making final administrative decision on the information provided in a fair hearing. The Executive Director has established a Fair Hearings Review Committee for the purpose of reviewing the information obtained through the hearing and making recommendation to his office. The Fair Hearings Review Committee consists of three members appointed by the Executive Director."

"275.48—*REVIEW AND DECISION*— The hearing officer will prepare a sum-mary report of his findings for presentation to the Hearings Review Committee at least seven (7) days in advance of the next regular Review Committee meeting. The committee is responsible for rendering a recommendation on all of the questions that have been made the subject of the hearing. The committee members may concur with the hearing officer, or reject them and reach different conclusions, or refer the matter back to the hearing officer for a continuation of the hearing. The department is responsible for providing appropriate measures to safeguard the confidentiality of hearing reports."

We take note that all cases in this court to date have contained a statement by the hearing officer, at the beginning of each hearing on an application for or a denial of welfare assistance, similar to the statement in this case. That statement is as follows:

". . . I am here today in response to a petition you filed concerning denial of commodity application. I did not come here today to make a decision. I came here to get information on it. The Fair Hearings Review Committee will make a decision. . . ."

■ The department asserts that since the hearing officer makes a "recommendation", based on the findings of fact after a hearing, it is tantamount to a decision and order. We cannot agree since the hearing officer states, in the opening remarks, that he ". . . did not come here today to make a decision. . . . The Fair Hearings Review Committee will make a decision. . . ."

We think the language in New Mexico Elec. Serv. Co. v. New Mexico Pub. S. Com'n, 81 N.M. 683, 472 P.2d 648 (1970) is most applicable to the case as presented here:

"[Appellee] is an administrative body created by statute and must therefore find its authority and jurisdiction conferred upon it either expressly or by necessary implication from the same statutory authority. . . ."

Section 13–1–18, supra, does not permit the Health and Social Services Department to bypass the statutory mandate of the hearing officer issuing a decision and order after a fair hearing.

Our holding today is to be applied prospectively and is to be applied to the case herein and to all hearings held by a hearing officer after the date of this opinion. It will also apply to all fair hearings which are on remand and held after the date of this opinion.

The case is reversed and remanded for proceedings not inconsistent herewith.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.