FISHER, Appellant v. SEARS, ROEBUCK & CO., Respondent
TEMPLE, Appellant v. MONTGOMERY WARD & CO.,
Respondent

(214 N.W.2d 85)

(File Nos. 11206, 11207. Opinion filed January 18, 1974)

Order denying petition for rehearing February 14, 1974

Geo. A. Bangs of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, Gale E. Fisher of May, Johnson & Burke, Sioux Falls, for plaintiffs and appellants.

Gary J. Pashby of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendant & respondent Sears, Roebuck & Co.

**Deming Smith** of **Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for defendant & respondent Montgomery Ward & Co.

WINANS, Justice.

This action was precipitated by our holding in Rollinger v. J. C. Penney Co., 86 S. D. 154, 192 N.W.2d 699, wherein service charges of 1½ % per month, on revolving charge accounts, were held to violate our usury law. SDCL 54-3-7 to 12. The appellants are challenging summary judgments granted against them, by the trial court which acted in reliance on Rollinger, which held that retroactive effect would not be given to the Rollinger decision. Not desiring to modify Rollinger in any manner, we hereby affirm.

The substance of the revolving charge account agreements involved in this case are relatively the same as those used in the Rollinger case. The facts reveal, however, that appellants are contesting service charges which were made against their accounts prior to the Rollinger decision but which the respondents are now, subsequently, attempting to collect. Subsequent to our holding in Rollinger, neither respondent has failed to comply with that decision's proscriptions. Each has modified its service charges to avoid usury and to achieve compliance with our interest law. SDCL 54-3-7.

The problems presented in this appeal arise from the sole question of whether charges made prior to the Rollinger decision may be presently collected by the respondents. The major controversy finds its genesis in the following language of Rollinger:

> "Hence, we give the caveat that from and after the date of this opinion, the use of revolving charge account agreements which result in charges exceeding maximum legal interest in this state are in. violation of our usury statutes and subject to applicable penalties." 192 N.W. 2d at 705.

4

■ Because the holding of Rollinger was such a deviation from the locally accepted merchant custom, we felt that justice demanded only a prospective application of our holding. Though juristic arguments can be made that the above quote from Rollinger was merely dicta, it is easily established that there is inherent power in this Court to declare, at the time of the decision, whether a case will achieve only prospective application. Peterson v. Balach, 294 Minn. 161, 199 N.W.2d 639; Rollinger v. J. C. Penney Co., supra; Incollingo v. Ewing, 444 Pa. 263, 282 A.2d 206; State ex rel. Washington State Finance Committee v. Martin, 62 Wash.2d 645, 384 P.2d 833; Moore v. Ready Mixed Concrete Company, Mo., 329 S.W.2d 14; German Gymnastic Ass'n v. City of Louisville, 306 Ky. 810, 209 S.W.2d 75. The same effect should be given such a pronouncement of prospectivity as any other decision of this Court. Incollingo v. Ewing, supra.

Appellants contend that our prospective application of Rollinger was formulated from erroneous propositions of law; that prospective applications of decisions should only be promulgated when "overruling" a previous common law decision. We are not persuaded. In Great Northern R. Co. v. Sunburst Oil & Ref. Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360, the United States Supreme Court declared that it was within the inherent authority of the highest court of any state to give prospective application to its decisions without offending any constitutional principles. There is no suggestion that prospectivity can only be utilized in "overruling" cases. The reverse is strongly intimated.

■ The correct principles to be considered in a determination of the prospective application of a case holding are succinctly stated in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296:

"In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see, e. g., Hanover Shoe v. United Shoe Machinery Corp., supra, 392 U.S. [481], at 496, 88 S.Ct.

[2224], at 2233, 20 L.Ed.2d 1231 at 1243, or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e. g., Allen v. State Board of Elections, supra, 393 U.S. [544], at 572, 89 S.Ct. [817], at 835, 22 L.Ed.2d 1 at 20. Second, it has been stressed that 'we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' Linkletter v. Walker, supra, 381 U.S. [618], at 629, 85 S.Ct. [1731], at 1738, 14 L.Ed.2d 601 at 608. Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' Cipriano v. City of Houma, supra, 395 U.S. [701], at 706, 89 S.Ct. [1897], at 1900, 23 L.Ed.2d 647 at 652." 92 S.Ct. at p. 355, 30 L.Ed.2d at p. 306.

Herein, the Court denied retroactive effect for two reasons. First, because it was a case of first impression and, secondly, because it appeared to overrule a prior line of cases. The Court in no way felt it was restricted to prospectivity only in "overruling" cases. This Court is equally unrestrained.

The principal case utilized by appellants also favors our position in that it provides:

"In cases which do not involve the constitutionality of a statute courts have the inherent power to declare that their decisions * * * shall not be applied retroactively." Grasso v. Kucharski, 93 Ill.App.2d 233, 236 N.E.2d 262 at 263.

This Court also apparently did not feel restricted to utilization of prospectivity only in "overruling" cases.

Assuming, arguendo, that Grasso overruled the previous case of Molitor v. Kaneland Community Unit District No. 302, 18 Ill.2d 11, 163 N.E.2d 89, as appellants contend, there are many

cases wherein prospectivity is found in "nonoverruling" decisions. As stated in Oxford Consumer Discount Co. v. Stefanelli, 104 N.J. Super.512, 250 A.2d 593, at p. 598:

> "There is no question but that appellate courts in this State and elsewhere have long regarded themselves as empowered and justified in confining the effect of a decision of first impression or of novel or unexpected impact to prospective application if considerations of fairness and justice, related to reasonable surprise and prejudice of those affected, seem to call for such treatment."

See also, Vallo v. State Board of Health and Social Services, 84 N.M. 220, 501 P.2d 664; Neptune City v. Avon-By-The-Sea, 61 N.J. 296, 294 A.2d 47; Hughes v. City of Woodward, 1969, Okl., 457 P.2d 787; and Coffey v. Anderson, 1963, Ky., 371 S.W.2d 624.

■ We refute any proposition that prospectivity is necessarily limited only to situations involved in the "overruling" of previous common law cases. It may also apply to cases of first impression which seek clarification of statutory interpretations, especially where the public has reasonably relied on a differing concept. As we explained in Rollinger, the merchants' and consumers' protracted reliance on the reasonable view that the "time-price" doctrine applied to revolving charge account sales commanded a prospective application of our decision to the contrary in order to insure justice and reduce the ensuing hardship to both parties.

■ The appellants further contend that our decision in Rollinger, has contravened Article VI, §§ 20 & 21 of the South Dakota Constitution in that it allegedly suspended the application of a law and denied all but Rollinger redress for a violation of their rights. This is merely an illusive facade for a variant attack on the prospective application of Rollinger.

The decision in Rollinger suspended no law. It merely promulgated, for the first time, an interpretation of what the law was from the time of Rollinger, and henceforth. By Rollinger we have merely said that the same transactions, arising in the future,

will be governed by a different rule. Article VI, § 21 is not violated by such an initial declaration of what the law is to be. Such interpretation suspends no law.

As previously explained, in Great Northern R. Co. v. Sunburst Oil & Ref. Co., supra, the United States Supreme Court held that, notwithstanding the Fourteenth Amendment due process clause, the Federal Constitution has "no voice" on the subject of the prospective application of any court's decision. Article VI, § 20 of our Constitution, dealing with due process, weighs no more heavily on this Court's decision.

There are abundant applications of state court decisions, in a purely prospective manner, even though the protection of due process clauses apply. See, Cupp v. Frazier's Heirs, 239 Ark. 77, 387 S.W.2d 328; American-First Title & Trust Company v. Ewing, 1965, Okl., 403 P.2d 488; State v. Murphy, 85 N.J.Super. 391, 204 A.2d 888; Witte v. Fullerton, 1962, Okl., 376 P.2d 244; Bassi v. Langloss, 22 Ill.2d 190, 174 N.E.2d 682; Phillips Exeter Academy v. Gleason, 102 N.H. 369, 157 A.2d 769; Forster Shipbuilding Co. v. County of Los Angeles, 54 Cal.2d 450, 6 Cal.Rptr. 24, 353 P.2d 736; Moore v. Ready Mixed Concrete Company, 1959, Mo., 329 S.W.2d 14. These cases reflect no indication that prospectivity violates the thrust of due process protection.

■ There is also much authority for the declaration of a new right to be applicable only prospectively to all, other than the particular plaintiff involved, without any reflection of there being a violation of the equal protection or due process rights of the persons affected previous to the declaration. Darling v. Charleston Community Memorial Hospital, 33 Ill.2d 326, 211 N.E.2d 253; Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193; Kojis v. Doctors Hospital, 12 Wis.2d 367, 107 N.W.2d 292; Parker v. Port Huron Hospital, 361 Mich. 1, 105 N.W.2d 1; Arizona State Tax Commission v. Ensign, 75 Ariz. 376, 257 P.2d 392.

■ The declaration that a case is to be only prospectively applied, therefore, lies within the sound discretion of the respective appellate court and such pronouncement may be contemporaneous with the decision.

■ Though argument has been made by the respondents that our holding in Rollinger should be reversed, we decline to sway from the course established in that decision. We find the Rollinger reasoning sound and feel it is a proper interpretation of the legislation involved, even though divergent authority can be found in other jurisdictions. This Court establishes its own precedent and is not bound by divergent law established in other jurisdictions.

■ We, therefore, hold that Rollinger was in all respects correctly decided and should receive only prospective application. The trial court's decision, granting summary judgments against the appellants, was correct and is, hereby, affirmed.

BIEGELMEIER, C. J., and DOYLE and DUNN, JJ., concur.

WOLLMAN, J., concurs in result.