STATE of South Dakota, Plaintiff and Appellant,

v.

John W. MILLER et al., Defendants and Respondents.

STATE of South Dakota, Plaintiff and Appellant,

v.

ONE 1964 WHITE CHEVROLET PICKUP, VIN 4C154J120835, Defendant and Respondent.

STATE of South Dakota, Plaintiff and Appellant,

v.

ONE 1968 DATSUN AUTOMOBILE, VIN L520169876, Defendant and Respondent.

Nos. 11844, 11845 and 11922.

Supreme Court of South Dakota.

Argued Oct. 15, 1976.

Decided Dec. 22, 1976.

Doyle D. Estes, Earl R. Mettler and Peter H. Lieberman, Asst. Attys. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

Gregory D. Lewis of Black Hills Legal Services, Inc., Rapid City, for defendants and respondents.

GRIEVES, Circuit Judge.*

These are all vehicle forfeiture proceedings under the "State Drugs and Substances Control Act" of the State of South Dakota. Appeal No. 11844 arises from an action against one 1965, two-door, tan Ford Galaxie, serial no. 63BC5818A714, vehicle identification no. 5J66X137513 bearing 1974 California license plate no. NNB 147, found in the custody of John W. Miller at the time it was seized by authorities on or about April 3, 1974, but registered in the names of K. W. Annis and Eleanor Annis of 4709 Hazelbrook Avenue, Long Beach, California. The forfeiture action was commenced on April 30, 1974, by service of the sum-

mons and complaint on the defendant, Miller. Appeal No. 11845 arises from an action against one 1964 white Chevrolet pickup, VIN 4C154J120835 owned by and found in the possession of Kevin T. Probst at the time it was seized by authorities on or about June 6, 1975. The action was commenced on June 13, 1975, by service of summons and complaint on Kevin T. Probst. Appeal No. 11922 arises from an action against one 1968 Datsun automobile, VIN L520169876 registered in the name of Michael L. Tarrant and found in his possession at the time it was seized by authorities on or about October 12, 1975. This action was commenced by service of summons and complaint served on Michael L. Tarrant on the 28th day of October, 1975.

The Circuit Court of the Seventh Judicial Circuit rendered judgments in favor of defendants in all three cases and ordered that the seized motor vehicles be returned to their owners and that the State of South Dakota pay the towing and storage costs in each case. We affirm.

The trial courts held that the South Dakota forfeiture statutes, SDCL 39–17–129 to SDCL 39–17–137, inclusive, are unconstitutional in that they contain no provisions for the notice and hearing after seizure and that such statutes unconstitutionally deprived the defendants of their property without due process of law, contrary to the Fourteenth Amendment of the United States Constitution and Article VI, § 2, of the South Dakota Constitution.

Plaintiff assigns such holdings as error and contends that said forfeiture statutes do not deny due process of law by failing to provide therein for notice and hearing after seizure. SDCL 39–17–134 provides:

"In the event of seizure pursuant to subsections (3) and (4) of § 39–17–133, proceedings under § 39–17–137 shall be instituted promptly."

SDCL 39–17–137 reads as follows:

"*Disposition of forfeited property.* —Whenever property is forfeited under this chapter, the chief agent may:

\* In accordance with SDCL 16–1–5.

(1) Retain the property for official use;

(2) Sell any forfeited property which is not required to be destroyed by law and which is not harmful to the public, provided that the proceeds be disposed of for payment of all proper expenses of the proceedings for forfeiture and sale including expenses of seizure, maintenance of custody, advertising and court costs.

(3) Take custody of the property and remove it for disposition in accordance with law; or

(4) Forward it to the bureau of narcotics and dangerous drugs for disposition. Such disposition may include delivery for medical or scientific use to any federal or state agency under regulations of the United States attorney general."

Plaintiff argues that these statutes require prompt legal proceedings to be instituted under section 39–17–137. SDCL 39–17–137 merely provides for disposition of the seized property by the chief agent after such property has been legally forfeited through court proceedings. It does not provide for any form of proceedings or legal action or for notice and hearing after seizure.

SDCL 15–6–1 provides:

"This chapter governs the procedure in the circuit courts of the state of South Dakota in all suits of a civil nature * *. It shall be construed to secure the just, speedy and inexpensive determination of every action."

SDCL 15–2–15 states in part:

"Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within two years after the cause of action shall have accrued:

* * * * * *

(2) An action upon a statute for a forfeiture or penalty to the state * *."

Plaintiff contends that since SDCL 15–2–15 classifies forfeiture as a civil action, it must be governed by the Rules of Civil Procedure as provided by SDCL 15–6–1, and it is unnecessary for the forfeiture statutes, SDCL 39–17–129 through SDCL 39–27–137, to set forth procedures for post-seizure notice and hearing.

The memorandum decisions of the trial courts in these cases point out that two views have been expressed by appellate courts regarding the constitutionality of forfeiture statutes which failed to set forth procedures for post-seizure notice and hearing. One view is that the notice and hearing provisions must be set forth in the statute itself in order to be constitutional. This view was set forth and adopted by the Supreme Court of the State of California in the case of *People v. Broad,* 1932, 216 Cal. 1, 12 P.2d 941. That case involved a California forfeiture law which contained no notice and hearing provisions. On page 943 thereof the Court said:

"In order to sustain such a statute, the statute itself must contain provision for a hearing to the owner. No such provision is here contained, and, for that reason, in our opinion, the statute is unconstitutional."

Also at page 945 of the decision, the Court said:

" * * * in this jurisdiction the cases have established the rule that to constitute due process the statute must itself provide for notice * * *."

In the cases of *State v. Matheason,* 1974, 84 Wash.2d 130, 524 P.2d 388, and *State v. One 1972 Mercury Capri, etc.,* 1975, 85 Wash.2d 620, 537 P.2d 763, the Supreme Court of the State of Washington followed the above California rule in both cases.

■ The other view is that the Rules of Civil Procedure apply to forfeiture actions; therefore, the rules supply the missing notice and hearing provisions and due process is satisfied. This view was adopted by the Supreme Court of Ohio in the case of *Sensenbrenner v. Crosby,* 1974, 37 Ohio St.2d 43, 306 N.E.2d 413. Therein the Court said, at page 415:

" * * * Ohio Rules of Civil Procedure * * * Civ.R. 1(A) provides: 'These rules prescribe the procedure to be fol-

lowed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.' Since a forfeiture action is not within any of the exceptions listed in Civ.R. 1(C), the Rules of Civil Procedure are clearly applicable to such an action.

"The Rules provide a constitutionally sufficient procedure to be utilized in adjudicating a statutory forfeiture * *."

The trial courts in these three cases expressed the view that the rationale advanced by the California and Washington courts is the sounder and better view and that the notice and hearing provisions must be contained within the statute itself to satisfy the constitutional principles. In legislation dealing with forfeiture, the legislature of this state has long recognized the necessity for the procedure to be set forth in the statutes. See special concurrence of Justice Coler in *State v. One 1972 Pontiac Grand Prix, etc.*, 1976, S.D., 242 N.W.2d 660, 664, 665. We agree.

■ Plaintiff, in each of these cases, has ended its brief with a second and entirely new contention, namely, that:

"THE OWNER IN THIS CASE IS WITHOUT STANDING TO CHALLENGE THE CONSTITUTIONALITY OF THE STATUTES ON DUE PROCESS GROUNDS."

This contention was not in any way presented to the trial courts for consideration. No mention was made of it in the assignments of error on appeal. It was first mentioned in the appellant's briefs and thus it is not properly before this court for decision.

The judgment of the circuit court in each of these cases is affirmed.

WINANS and COLER, JJ., concur.

DUNN, C. J., concurs in part and dissents in part.

WOLLMAN, J., dissents.

GRIEVES, Retired Circuit Judge, sitting for ZASTROW, J., disqualified.

DUNN, Chief Justice (concurring in part and dissenting in part).

I would agree with the majority that the statutes do not require notice and hearing, and thus deny due process of law. SDCL 39–17–134 provides that the disposition under SDCL 39–17–137 must be "instituted promptly." It should have added "in accordance with SDCL 15–6" thus making it mandatory that the Rules of Civil Procedure apply. Rules of Civil Procedure would provide due process, but where those rules can be arbitrarily applied or rejected, due process is denied. *Beveridge v. Baer,* 1932, 59 S.D. 563, 241 N.W. 727.

I do not agree that the entire drug disposal statutes (SDCL 39–17–129(4) to 39–17–137) need to be declared unconstitutional. We are dealing here only with the post-seizure disposition of conveyance under SDCL 39–17–129(4). Why should we strike down the state's right to dispose of controlled drugs and substances forfeited? I would modify the judgment of the trial court, declaring only SDCL 39–17–129(4) unconstitutional for lack of mandatory, constitutionally sufficient procedural rules.

WOLLMAN, Justice (dissenting).

I would hold that implicit in SDCL 39–17–129 is the requirement that forfeiture proceedings be conducted pursuant to the provisions of SDCL 15–6. I would follow the view expressed by the Supreme Court of Ohio in *Sensenbrenner v. Crosby,* 37 Ohio St.2d 43, 306 N.E.2d 413.