**STATE of South Dakota, Plaintiff and Respondent,**

v.

**ONE 1966 PONTIAC AUTOMOBILE VIN 252376X159267, Defendant and Appellant.**

**No. 12393.**

Supreme Court of South Dakota.

Submitted on Briefs July 24, 1978.

Decided Sept. 28, 1978.

---

4. See SDCL 44–9–6 at note 3, supra.

Steven L. Zinter, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Robert J. Burns of Burns & Hagen, Sioux Falls, for defendant and appellant; Thomas J. Johnson, Sioux Falls, on brief.

PER CURIAM.

This action arose as the result of the forfeiture of an automobile which purportedly contained a controlled substance. A default judgment was rendered against the automobile by the trial court and the trial court denied appellant's motion made some thirteen months later to set aside the default judgment. We affirm.

On October 23, 1975, the state of South Dakota commenced a forfeiture proceeding pursuant to SDCL 39–17–129(4)[1] against appellant Jack O'Connor's automobile by personal service upon appellant of a summons and complaint. The complaint stated the statutory authority for forfeitures, the automobile involved, the registration of the

---

1. SDCL 39–17–129(4) indicates property subject to forfeiture under the Drug and Substances Control Act as follows:

(4) All conveyances including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of property . . .. which is described in the Act. This is now embodied in SDCL 34–20B–70(4). (All statutory references in the opinion will be made in terms of former SDCL chapter 39–17.)

automobile, the date and county in which the proscribed activity took place, the statutory authority for seizure of the automobile, and the location of the seized automobile. The complaint further described the proscribed activity in which "said automobile was used to transport, possess or conceal certain controlled drugs and substances in violation of SDCL 39–17; namely bi-phetamines. . . ." Appellant was put on notice in the prayer in the complaint that the state sought to have the automobile condemned, forfeited and disposed of as provided by law.

Appellant thereafter failed to file an answer or otherwise appear in any manner. On December 12, 1975, the trial court granted the state's motion for default judgment and ordered that the automobile be condemned and forfeited to the state and that all property rights in the automobile be extinguished in favor of the state. On January 6, 1976, appellant was served with notice of entry of judgment. Appellant failed to appeal from the default judgment.

Approximately one year after the trial court entered its default judgment, on December 22, 1976, this court declared SDCL 39–17–129(4)[2] unconstitutional in that there were no provisions for notice and hearing after seizure and prior to forfeiture which deprived the defendants of their property without due process of law. *State v. Miller,* 1976, S.D., 248 N.W.2d 377. On February 4, 1977, approximately thirteen months after the default judgment was entered, appellant moved to set aside the

judgment on the ground that the forfeiture statute was unconstitutional.

In denying appellant's motion to set aside the judgment, the trial court concluded that the validity of an automobile forfeiture is not dependent upon the conviction of the registered owner of the automobile. The trial court further concluded that the ruling in *State v. Miller, supra,* should not be applied retroactively. We agree.

■ Appellant contends that the trial court "erred in finding that a forfeiture pursuant to SDCL 39–17–129(4) can be pursued where the Defendant [Appellant] has never been convicted of nor has pleaded to the underlying criminal charges."[3] It is clear that the statute merely provides for a proceeding in rem for the forfeiture of controlled substances and conveyances connected therewith. The conveyance used in connection with the controlled substance is considered to be the offender under the statute and there is no expressed or implied provision for a prior conviction of the registered owner as a condition precedent to forfeiture. We therefore agree with the trial court's conclusion that the validity of the forfeiture does not depend upon the prior conviction of the registered owner or one in possession of the automobile. For the proposition that such conviction is not a prerequisite to forfeiture, the United States Supreme Court in *Calero-Toledo v. Pearson Yacht Leasing Co.,* 1974, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452, stated that "the innocence of the owner of property subject to forfeiture has almost uniformly been re-

---

**2.** SDCL 39–17–129 to SDCL 39–17–137, inclusive.

**3.** Appellant bases his argument upon *United States v. United States Coin and Currency,* 1971, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434. That case involved alleged violations of two proscriptions in the federal tax code, the first of which was failure to register as a gambler and pay a gambling tax and the second was the forfeiture of money used in violation of the first proscription. The court stated that the forfeiture provision in the tax code contained broad language and was to be read with the other forfeiture provisions in order to be understood. Those other provisions allow for the submission of proof by innocent property own-

ers to the Secretary of the Treasury regarding their lack of willful negligence or intent to violate the law. The court concluded that, when these forfeiture provisions were viewed in their entirety, they were intended to penalize only those who are significantly involved in criminal activity. Appellant therefor reasons that the South Dakota statute should be construed similarly and that since the state did not show his conviction of the underlying criminal charge, his automobile should not be subject to forfeiture pursuant to SDCL 39–17–129(4). This statute is clear on its face and a reading of other provisions in the same chapter fails to move us to the conclusion reached by the court in the case relied upon by appellant.

jected as a defense." 416 U.S. at 683, 94 S.Ct. at 2092, 40 L.Ed.2d at 468. See also, *Bramble v. Richardson,* 1974, 10th Cir., 498 F.2d 968; 36 Am.Jur.2d Forfeitures and Penalties § 17, p. 623.

Appellant further contends that the trial court erred in finding that this court's decision in *State v. Miller, supra,* was not to be applied retroactively. Appellant argues that *United States v. United States Coin and Currency, supra,* distinguishes between procedural rules and rules involving the basic accuracy of the fact finding process at trial. Appellant contends that the latter rules require retroactive application and that our decision in *State v. Miller, supra,* involves the basic accuracy of the fact finding process. We cannot accept this contention; our decision in *State v. Miller, supra,* involved procedural rules in that post-seizure notice and hearing must be contained within the forfeiture statute itself. We did not further hold that procedural due process was not being provided by the state or that the rules of civil procedure embodied in SDCL 15–6 did not provide full procedural due process.

■ It is beyond question that this court has the inherent power to apply its decisions prospectively or retrospectively without offending constitutional principles. *Fisher v. Sears, Roebuck & Company,* 1974, 88 S.D. 1, 214 N.W.2d 85; *Rollinger v. J. C. Penney Company,* 1971, 86 S.D. 154, 192 N.W.2d 699. See generally, *Locke v. Erickson,* 1970, 85 S.D. 262, 181 N.W.2d 100; *Linkletter v. Walker,* 1965, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601. We adopt the following statement made in *Linkletter v. Walker, supra:*

> Once the premise is accepted that we are neither required to apply, nor prohibited from applying, a decision retrospectively, we must then weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard

its operation. 381 U.S. at 629, 85 S.Ct. at 1738, 14 L.Ed.2d at 608.

In weighing these general factors, we will evaluate the following criteria to determine the retrospective effect of a particular decision: (1) the purpose of the decision, (2) reliance on the prior rule of law, and (3) the effect upon the administration of justice. *Locke v. Erickson, supra; Jones v. Watson,* 1977, 98 Idaho 606, 570 P.2d 284; *Stovall v. Denno,* 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; 10 A.L.R.3d 1371.

■ Applying these principles, we conclude that our decision in *State v. Miller, supra,* will not be applied retrospectively. The purpose of our decision was to require that post-seizure notice and hearing provisions be included within the forfeiture statute itself.[4] This purpose does not change the prior rule of law upon which the state has placed justifiable reliance. There is an indication that the state has disposed of the controlled substances and vehicles seized pursuant to the forfeiture statute over the years. In the present case, the state waited until the time for appeal from the default judgment had lapsed and sold appellant's car in a public auction according to law. Finally, since our decision did not affect the substantive law of forfeiture or declare the procedure actually used by the state to be constitutionally deficient, applying the decision retrospectively would have no positive effect upon the administration of justice. In fact, in the present case, appellant received full procedural due process through proper notice and opportunity to be heard prior to actual forfeiture of his automobile. Appellant, however, failed to answer or appear in any manner which necessarily resulted in the default judgment. It is far from logical that appellant now seeks some benefit from a court decision calling for the inclusion of post-seizure procedural rules in the forfeiture statute when he was afforded the full protection of procedural due process after the seizure and chose to default.

4. Approximately three months after our decision in *State v. Miller, supra,* the legislature cured the defect by including the forfeiture procedure in the statute. S.L.1977, ch. 317. See SDCL 34–20B–76, 34–20B–80, 34–20B–81, and 34–20B–84 through 34–20B–88.

Upon due consideration of all the issues briefed and for the reasons stated above, we are convinced that the motion to set aside the default judgment was properly denied by the trial court.

The order of the trial court is affirmed.

All the Justices concur.