The PEOPLE of the State of South Dakota, In the Interest of S. H., A Minor Child, and Concerning F. H. O. and P. H. and Department of Social Services.

Nos. 13414, 13567.

Supreme Court of South Dakota.

Argued April 26, 1982.

Decided Aug. 25, 1982.

Roberta Jean Earley, Spearfish, for appellant mother.

Thomas E. Brady, Spearfish, for appellee father.

William E. Anderson, Belle Fourche, for appellee child.

Janice C. Godtland, Asst. Atty. Gen., Pierre, for appellee State; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WOLLMAN, Chief Justice.

This is a consolidated appeal from an order of adjudication of dependency and neglect and a decree of disposition terminating appellant-mother's parental rights. We reverse and remand.

During oral argument, appellant contended that the standard of proof required for an adjudication of dependency and neglect and termination of parental rights is "clear and convincing evidence" rather than the preponderance of the evidence standard prescribed by statute and our decisions. SDCL 26-8-22.10; *Matter of L. M. T.*, 305 N.W.2d 399 (S.D.1981). Appellant's contention is based upon the United States Supreme Court's March 24, 1982, decision in *Santosky v. Kramer,* —— U.S. ——, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), which held that before a state may terminate parental rights it must support its allegations by at least clear and convincing evidence, a holding that renders constitutionally deficient the preponderance of the evidence standard of SDCL 26-8-22.10 and our decisions based thereon.

We recognize that "the Constitution neither prohibits nor requires retrospective effect." *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601, 608 (1965); *State v. One 1966 Pontiac Auto., Etc.*, 270 N.W.2d 362 (S.D.1978). When retroactive application of a decision could produce substantial inequitable results, justification exists for holding the decision nonretroactive. *Chevron Oil Co. v.*

*Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); *Fisher v. Sears, Roebuck & Company,* 88 S.D. 1, 214 N.W.2d 85 (1974). In recognizing the possible number of serious decisions that may have been made in reliance on the validity of prior decrees of dispositions terminating parental rights, we believe that full retroactive application of the *Santosky* standard could produce substantial inequitable results. We note, however, that "[o]nce the need is established for applying [a] principle prospectively ... 'there is a large measure of judicial discretion involved in deciding ... the time from which the new principle is to be deemed controlling.'" *Jenkins v. Delaware,* 395 U.S. 213, 218, 89 S.Ct. 1677, 1680, 23 L.Ed.2d 253, 259 (1969) (quoting *State v. Vigliano,* 50 N.J. 51, 65–66, 232 A.2d 129, 137 (1967)). Because no final decisions should have been made in reliance on the validity of decrees terminating parental rights in cases that are on direct appeal, we conclude that the *Santosky* decision should apply to all cases pending on direct appeal to this court[1] at the time of the announcement of the new standard.[2]

We reverse the orders appealed from and remand the case to the circuit court for entry of findings of fact, conclusions of law, and corresponding orders that are consistent with the evidentiary standard adopted in *Santosky v. Kramer,* supra.

All the Justices concur.

---

1. This holding does not affect the decision we recently rendered in *Matter of M. S. M.,* 320 N.W.2d 795 (S.D.1982), since the trial court in that case applied a "beyond a reasonable doubt" standard.

2. Other jurisdictions have also applied *Santosky* to cases in which parental rights were terminated prior to the announcement of the new evidentiary standard. See *Matter of Farrell,* 292 Or. 822, 642 P.2d 1167 (1982); *Ellis v. Knox County Dept. of Public Welfare,* Ind. App., 433 N.E.2d 847 (1982). We also note that in a recent criminal case, *United States v. Johnson,* —— U.S. ——, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), the United States Supreme Court applied a new constitutional rule to cases pending on direct appeal at the time of the rule's announcement. See also *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Tehan v. United States,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).