**Lisa VOGT, Plaintiff and Appellant,**

v.

**John BILLION, M.D. and Orthopedic and Sports Medicine, P.C., Defendants and Appellees.**

**No. 15063.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 17, 1986.

Decided May 6, 1987.

Steven L. Jorgensen, Sioux Falls, for plaintiff and appellant.

Carleton R. Hoy and Rick W. Orr of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees.

MARTIN, Circuit Judge.

Lisa Vogt (appellant), seeks a new trial after a verdict in favor of defendants, John Billion, MD and Orthopedic and Sports Medicine, P.C. (appellees). We reverse and remand for a new trial.

It is unnecessary to set forth in detail the facts of this case other than to state it is a malpractice action. The trial court gave the following instruction:

If a physician brings to his patient care, skill and knowledge, he is not liable to him for damages resulting from a bonafide error judgment of which he may be guilty. The law requires a physician to base any professional decision he may make on skill and careful study and consideration of the case. But when the decision depends on an exercise of judgment, the law requires only that the judgment be bonafide. A physician is not an insurer of the correctness of his judgment, especially is this true in cases of doubt or where competent medical authority is divided, and the physician in question follows a course of treatment advocated by a substantial number of competent physicians in good standing in his community.

Appellant contends that the trial court should not have given this instruction which is nearly identical to the instruction given in *Shamburger v. Behrens*, 380 N.W.2d 659 (S.D.1986) and in *Magbuhat v. Kovarik*, 382 N.W.2d 43 (S.D.1986). In *Shamburger, supra* at 663, this court stated that, "... the use of such terms as 'good faith error in judgment' unduly confuses the issues in a negligence action." *Accord, Magbuhat, supra* at 46. In each case this court held that such instructions should no longer be given and remanded for a new trial.

Appellee contends that the *Shamburger* decision should not be retroactively applied in this case. This court, however, has already determined that it be given retroactive effect as evidenced by *Magbuhat*.

We recognize that "... the Constitution neither prohibits nor requires retrospective effect." *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601, 608 (1965); *State v. One 1966 Pontiac Auto., Etc.*, 270 N.W.2d 362 (S.D.

1978). When retroactive application of a decision could produce substantial inequitable results, justification exists for holding the decision nonretroactive. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); *Fisher v. Sears Roebuck & Co.,* 88 S.D. 1, 214 N.W.2d 85 (1974).

■ A full retroactive application of the *Shamburger* decision could produce substantial inequitable results. However, once the need is established for applying a principle prospectively there is a large measure of judicial discretion involved in deciding the time from which the new principle is to be deemed controlling. We conclude that the *Shamburger* decision is applicable to all cases pending on direct appeal to this court at the time of its announcement. *People in Interest of S.H.,* 323 N.W.2d 851 (S.D.1982).

Because this matter is being remanded for a new trial we ordinarily would not address any further issues. Because appellant's second contention involves the admissibility of certain evidence this court will address it so that the trial court will have guidance at retrial.

During the course of discovery a deposition was taken from Dr. William Krissoff, an orthopedic surgeon from Truckee, California. After the deposition apparently ended off the record comments were made. Appellees' lawyer then reopened the deposition and asked this question:

Q. Dr. Krissoff, after we completed the deposition you made the statement that—to the effect—and I want you to say it again?

A. I don't think nerve injury in the course of surgery is by definition malpractice.

Then there was further examination by appellant's counsel as follows:

Q. Dr. Krissoff, when you made that statement, which was sort of said by you at the time the reporter was putting her machine away, are you suggesting that in the general scope of surgery, that nerve damage is one of the risks that go along with surgery?

A. Yes.

Appellant's California counsel made no objection at the time of the deposition. At trial, appellant did object to the admissibility of these statements but the objections, while initially sustained, were eventually overruled. Appellant feels that this evidence is inadmissible because it is irrelevant, immaterial, prejudicial, and without proper foundation. Appellant contends that pursuant to SDCL 15–6–32(d)(3) there is no obligation to object during the taking of the deposition:

(3) As to taking of deposition.

(A) Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time.

(B) Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties, and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition.

■ The answer given by the doctor to appellees' lawyer's question was clearly objectionable because it stated a legal conclusion and expressed an opinion which embraces the ultimate issue to be decided by the trier of fact. Although Rule 704 of the Federal Rules of Evidence allows opinion evidence even though it embraces an ultimate issue to be decided by the trier of fact, South Dakota has never adopted that rule. SDCL 19–15–4; *State v. Logue,* 372 N.W.2d 151 (S.D.1985). However, no objection was made at the time of the taking of the deposition as should have been done pursuant to SDCL 15–6–32(d)(3)(A) and (B).

It should also be noted that appellant's California counsel not only failed to object but asked a subsequent question which contained similar language also alleged to

be objectionable. Appellant cannot now be heard to complain. Both of these questions and answers should be admissible at the retrial of this matter.

We reverse and remand.

MORGAN and HENDERSON, JJ., and FOSHEIM, Retired J., concur.

WUEST, C.J., concurs in part and dissents in part.

MARTIN, Circuit Judge, sitting for SABERS, J., disqualified.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

WUEST, Chief Justice (concurring in part and dissenting in part).

I concur, except in my opinion appellant did not waive her objection to the question concerning malpractice because her counsel did not make the objection at the taking of the deposition. SDCL 15-6-32 sections (d)(3)(A) and (d)(3)(B) are designed to prevent counsel from laying a trap by failing to object when his opponent could easily have corrected the objectionable matter and then raising the matter at trial when the opportunity to correct is no longer available. The question and answer could never have been corrected at the time of taking the deposition. As the majority opinion correctly observes, South Dakota has not adopted the ultimate issue rule. I would sustain the objection at trial.