William BROWN, Plaintiff and Appellee,

v.

JOHN MORRELL & COMPANY,
Defendant and Appellant.

No. 18210.

Supreme Court of South Dakota.

Argued Sept. 2, 1993.

Decided Jan. 19, 1994.

Bradley G. Bonynge, Sioux Falls, for plaintiff and appellee.

Michael S. McKnight of Boyce, Murphy, McDowell and Greenfield, Sioux Falls, for defendant and appellant.

TUCKER, Circuit Judge.

## FACTS

There is no dispute as to the facts. Claimant William Brown (Brown) worked for John Morrell & Company (Morrell) in Sioux Falls, Minnehaha County, South Dakota. Morrell was a self-insurer for the purposes of worker's compensation. On July 10, 1987, while Brown was employed by Morrell, he suffered an injury arising out of and in the course of his employment. This injury consisted of tendonitis in the right and left hands and wrists. Brown's employment duties gradually aggravated his injury until August 8, 1988, when Brown developed bilateral carpal tunnel syndrome. Morrell had actual notice of the injury within thirty days of its occurrence.

Brown received an eight percent impairment rating of each hand from his authorized treating physician. Consistent with the Department of Labor's position concerning permanent partial disability benefits,* Morrell paid permanent partial disability benefits to Brown based upon the eight percent medical impairment ratings. Although the parties did not enter into a written agreement, Brown accepted the payment of those benefits.

Brown filed a petition for hearing on March 6, 1992. Between the time that Morrell paid the permanent partial disability benefits based upon the eight percent impairment ratings and the time that Brown filed his petition for hearing, this Court decided *Cozine.* In his petition Brown sought to

* Until *Cozine v. Midwest Coast Transport, Inc.,* 454 N.W.2d 548 (S.D.1990) was decided on April 18, 1990, the Department computed permanent partial disability benefits solely by applying the medical impairment rating to the number of weeks set forth in SDCL 62–4–6.

recover additional permanent partial disability benefits based upon this Court's decision in *Cozine*. In other words, Brown sought to recover permanent partial disability benefits in excess of his impairment rating.

After this Court's decision in *Cozine*, and prior to the filing of Brown's petition for hearing, the Department ruled that *Cozine* would apply to pre-*Cozine* injuries only if a petition for hearing had been on file at the time of the *Cozine* decision. For injuries predating *Cozine* (April 18, 1990), if no petition for hearing was on file with the Department on that date, the Department's position has been that the *Cozine* decision does not apply. *Hawkins v. John Morrell & Co.*, H.F. No. 51, 1989/90 slip op. (S.D.Dep't of Labor May 22, 1991).

Brown's injuries occurred prior to April 18, 1990, and no petition for hearing was on file with the Department as of that date. However, in Brown's case the file was not closed and no final settlement had been reached. Despite this crucial fact, based upon the Department's prior rulings, Morrell moved to dismiss Brown's petition for failure to state a claim upon which relief could be granted. The Department granted Morrell's motion and Brown appealed to the circuit court. The circuit court reversed the Department's decision holding that the Department had erroneously applied *Cozine*. The circuit court remanded the administrative proceeding to the South Dakota Department of Labor Division of Labor and Management for determination of whether benefits, in addition to the medical impairment rating, were recoverable by Brown under SDCL 62–4–6 as interpreted in *Cozine*. Morrell appeals, alleging the holding in *Cozine* should have no retrospective application. We affirm the circuit court.

## DECISION

### I.

Should the decision in *Cozine* be applied retroactively to cases not closed or settled.

*Standard of Review*

■ In reviewing a decision of an administrative agency, our standard of review is the same as the circuit court. We determine whether the agency's findings of fact are clearly erroneous and whether the law has been correctly applied. *Barkdull v. Homestake Mining Co.*, 317 N.W.2d 417 (S.D.1982) (*Barkdull I*). Our review of the circuit court's decision is without any presumption that its decision was correct. *Id.*

## DECISION

This Court previously adopted the factors announced by the U.S. Supreme Court when considering the retroactive application of a decision. *Fisher v. Sears, Roebuck & Co.*, 88 S.D. 1, 214 N.W.2d 85 (S.D.1974) (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)). Those criteria are:

> "First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied *or by deciding an issue of first impression whose resolution was not clearly foreshadowed.* Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' "

*Fisher*, 88 S.D. at 4–5, 214 N.W.2d at 87 (quoting *Chevron Oil Co.*, 404 U.S. at 106, 92 S.Ct. at 355, 30 L.Ed.2d at 306) (citations omitted) (emphasis added).

■ This Court's decision in *Cozine* interpreted statutory law; it did not overrule South Dakota precedent. 454 N.W.2d at 552. The decision in *Cozine* interpreted SDCL 62–4–6 as it applies to the amount of compensation an employee shall receive for the loss of a part of the body or its loss of use, stating:

> The clear language of this statute directs that compensation shall be paid for loss of

use. Consequently, the hearing examiner must determine if, and to what extent, a claimant has suffered the loss of use of a part of the body. This determination requires more than a mere adoption of a medical evaluation of anatomical impairment.

*Id.* The hearing examiner in *Cozine* had ruled that this jurisdiction had not recognized factors other than the permanent physical impairment rating given by the physician in determining the amount of permanent partial disability benefits. This Court reversed holding this was "an incorrect statement of the law of this state." *Id.*

No new principle of law was announced in *Cozine*. However, since this Court had not previously interpreted SDCL 62-4-6 as it applied to compensation for permanent partial disability benefits, this Court must determine whether the resolution of the issue was clearly foreshadowed. *See, Fisher, supra.* We conclude that this Court's holding in *Cozine* was clearly foreshadowed in that the holding in *Cozine* does not represent a change in prior law. 454 N.W.2d at 552. First, in SDCL 62-4-6, the legislature provides for payment for loss of use, not medical impairment. "The clear language of this statute directs that compensation shall be paid for the loss of use." *Id.* It is clearly foreshadowed that this Court will give meaning to the language of the statute and interpret the statute as providing payment for loss of use.

Secondly, the rule in *Cozine* adheres to the rule of law applied in other jurisdictions with similar statutes concerning "loss of use." *Id.* Because the interpretation of the law was clearly foreshadowed, we feel no need to address the remaining factors to consider when analyzing whether a new principle of law should be given retroactive effect. The rule in *Cozine* is to be given both retroactive and prospective application.

Morrell concedes that the Department of Labor has voluntarily applied the holding of *Cozine* to some pre-*Cozine* injuries. Unless the Department closed the file or a binding settlement was reached prior to the date of the *Cozine* decision, in which case the doctrine of res judicata applies, it is this Court's

conclusion that a hearing examiner must determine if, and to what extent, a claimant has suffered the loss of use of a part of the body. This determination requires more than the adoption of a medical evaluation of anatomical impairment. Brown's file was not closed as he had not entered into a written agreement and he filed a petition for hearing to determine additional permanent partial disability benefits based on the decision in *Cozine*. Brown is entitled to a hearing to determine whether he suffered the loss of use of a part of his body in addition to the impairment rating provided by his physician.

Affirmed.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.

TUCKER, Circuit Judge, for WUEST, J., disqualified.