STATE BOARD OF TAX APPEALS.

PREPARATORY TRAINING INSTITUTE, PETITIONER, v. CITY OF TRENTON, RESPONDENT.

Decided September 9, 1941.

For the petitioner, *Joseph V. Zaccone.*

For the respondent, *Louis Josephson.*

QUINN, President. The City of Trenton assessed for local taxation for the year 1940 certain real property, possession of which has been exercised by petitioner under circumstances hereinafter related. The Mercer County Board of Taxation allowed a reduction in the assessed valuation of the property, but petitioner here seeks a cancellation of the assessment upon the ground that the property was owned by the state upon the assessing date, and is therefore exempt from local taxation, under *R. S.* 54:4-3.3; *N. J. S. A.* 54:4-3.3.

The property was purchased by petitioner from the Board of Education of the State of New Jersey on May 28th, 1937, under an executory contract of sale, the terms of which provided for a purchase price of $6,500, payable $500 down, and $6,000 on or prior to December 10th, 1937, at which it was to receive a deed. Immediate right of possession was granted the purchaser. On December 10th, 1937, petitioner was able to pay only $1,000, and an agreement was entered into extending the time for payment of the balance until December 8th,

1939. Nothing appears as to how much, if anything, additional, was ever paid thereafter, but it is shown that petitioner has been in continuous default under its contract, and that it has never had any legal or equitable right to a conveyance of the legal title to the property, although it has been in continuous possession and use thereof for its private purposes. Distinguish the situation of the purchasers of government property in *New Brunswick* v. *United States* (1928), 276 *U. S.* 547, and in *Hance* v. *New Brunswick* (*Supreme Court,* 1929), 7 *N. J. Mis. R.* 610; 146 *Atl. Rep.* 763.

It does not follow from the foregoing, however, that petitioner is entitled to maintain a petition of appeal before this board for exemption of the property from taxation. If, under the facts, the property should be adjudged exempt as being owned by the state, the privilege of exemption is personal to the holder of the right of exemption, and cannot be transferred, *Mausoleum Builders* v. *State Board* (*Court of Errors and Appeals,* 1917), 90 *N. J. L.* 163, 164; 100 *Atl. Rep.* 236, and, under a prior ruling of this board in a similar situation, a petition of appeal praying exemption will be entertained only upon application of the party entitled thereto. In this case, so far as it exists, the right is vested in the Board of Education of the State of New Jersey. *James Hance* v. *City of New Brunswick, New Jersey Tax Reports* 1912-1934, 441 (at *p.* 444). That body has not chosen to assert a right to exemption for the property.

For the reason stated, the appeal will be dismissed and the judgment of the Mercer County Board of Taxation affirmed.