CORNELL COLLEGE, appellant, v. BOARD OF REVIEW OF TAMA COUNTY (CARL O. EILERS, chairman) and IOWA STATE TAX COMMISSION, appellees.

No. 49101.

(Reported in 81 N.W.2d 25)

FEBRUARY 5, 1957.

R. B. Wolfe, of Mount Vernon, and Hyland & Hyland, of Tama, for appellant.

Dayton Countryman, Attorney General, M. A. Iverson, Special Assistant Attorney General, Ruth B. Klotz, Assistant Commission Attorney, and Walter J. Willett, County Attorney, for appellees.

HAYS, J.—The single question presented on this appeal is whether the Southeast Quarter of Section 12, Township 86 North, Range 15, West of Fifth P.M., Tama County, Iowa, is exempt from taxation under section 427.1(11), Code, 1954. The trial court held not, upholding the decision of the County Board of Review, and plaintiff appeals.

Section 427.1, in part, provides: "Exemptions. The following classes of property shall not be taxed: * * * 11. *Property of educational institutions.* Real estate owned by any educational institution of this state as a part of its endowment fund, to the extent of one hundred sixty acres in any civil township."

The facts are stipulated subject to certain objections. Cornell College is an Iowa Educational Institution. It holds the legal record title to the above described real estate and owns no other property in said township. The real estate is worth between $48,000 and $50,000 and the fair cash rental value thereof is $15 per acre. Whether this real estate is carried by the College in its endowment or its annuity fund is in dispute, the trial court finding that it was carried in the annuity fund and thus not exempt. Upon obtaining title to said real estate the College issued to its grantors its annuity bond and has made the payments provided for therein. It has also been in possession and control of the same since obtaining title.

Title was obtained, by quitclaim deed, pursuant to a certain written agreement executed in 1954 but never placed of record. This agreement between C. H. Boothroyd and Bertha L. Boothroyd, the then owners, and the College, stated that said owners would deed said premises to the College for the purpose

of promoting Christian Education; possession to be given June 1, 1954, subject to existing lease with one Rudolph Dietrich, the then tenant; income and rents therefrom during the year 1954 to belong to the College; grantors to pay the 1953 taxes; the present tenant, Dietrich, to have the privilege of leasing the real estate as long as either of the grantors lived, provided he is able to and does operate the farm in a husbandlike manner. The real estate is not to be disposed of during the lifetime of either of the grantors. The College agreed to issue to said grantors its annuity bond whereby it agrees to pay to said grantors the sum of $1200 on December 1 and June 1 of each year as long as either shall live; the first payment to be made December 1, 1954.

While the trial court found the property was not carried in the endowment fund, we think the question is largely one of bookkeeping, and for the purpose of this opinion we accept appellant's contention that it was a part of the endowment fund. We do not think this is determinative of the real question.

While there are some jurisdictions that hold statutes granting exemptions, such as the one in question, should be liberally construed, the majority, including Iowa, adopt the view that all exemption statutes must be strictly construed and if there is any doubt upon the question it must be resolved against the exemption. 84 C. J. S., Taxation, section 225; Readlyn Hospital v. Hoth, 223 Iowa 341, 272 N.W. 90; Board of Directors v. Board of Supervisors, 228 Iowa 544, 293 N.W. 38; Trustees of Iowa College v. Baillie, 236 Iowa 235, 17 N.W.2d 143; Jones v. Iowa State Tax Commission, 247 Iowa 530, 74 N.W.2d 563.

The basic question is—Is Cornell College the owner of this real estate within the letter and spirit of the statute?

The term "owned" as it appears in section 427.1(11) has been before this court on prior occasions. In Ellsworth College of Iowa Falls v. Emmet County, 156 Iowa 52, 62, 135 N.W. 594, 42 L. R. A., N. S., 530, we said the term meant "equitable or beneficial ownership rather than legal." In Trustees of Iowa College v. Baillie, 236 Iowa 235, 239, 17 N.W.2d 143, 146, we quote from the Ellsworth case as follows: " 'If the income from the property or from its proceeds were to go to another during the five years, then it would be very clear that

the property or fund should be taxed during that period. When one is the equitable owner of property and is entitled to the income from it, he has the enjoyment of every benefit that could come to anyone who might own the property.'." In that case we held the College, while it had legal title, did so merely as trustee for the grantors who in fact were the beneficial owners.

Appellant would distinguish the Iowa College case, supra, for the reason that there a trust was created with the beneficial owners being parties other than the College, while in the instant case, the conveyance was outright to the College with no strings attached in exchange for a debt obligation of the College. Strictly speaking, Cornell College probably comes within the letter of the statute as to being the owner. It has the legal title and receives the total income from the real estate. No trust is, in name at least, created. But scratching beneath the surface, is there any appreciable distinction from the Iowa College case? We think not.

The cash rental value is $15 per acre. The fair value of the land is $48,000 to $50,000. The return on $48,000 at 5% interest per annum, or at $15 per acre for 160 acres, amounts to $2400. The amount the College agrees to pay the Boothroyds is $2400 per year. Perhaps this is just a happenstance and then again, perhaps not. Furthermore, the College does not take title free of any conditions. The College is not free to choose its own tenant nor may it dispose of the property during the lifetime of the grantors. This last provision appears to be an express intention by grantors to retain an interest in this land as security in addition to the corporate liability upon the annuity bond. It is a charge upon the same. Nehls v. Sauer, 119 Iowa 440, 93 N.W. 346; Duden v. Duden, 191 Iowa 515, 182 N.W. 795. To all intents and purposes this land is held for the benefit of the Boothroyds during their lifetime, just as effectively as was the land held for the benefit of the Younkers in the Iowa College case, regardless of the name that may be placed upon it. While we do not intend to, nor do we, say that in all cases of annuities the annuitant is the beneficial owner of property that may be exchanged therefor, we do say each case must stand or fall upon its own facts, and in the instant case the

facts do not bring the ownership within the spirit of the law and thus no exemption can be granted. See In re Estate of Sayres, 245 Iowa 132, 60 N.W.2d 120; Jones v. Iowa State Tax Commission, 247 Iowa 530, 74 N.W.2d 563; Farmers State Bank v. Sig Ellingson & Co., 218 Minn. 411, 16 N.W.2d 319; In re Estate of Schuh, 66 Mont. 50, 212 P. 516; Fidelity Union Trust Co. v. Martin, 118 N. J. L. 277, 192 A. 74; Commissioner of Corporations etc. v. Bullard, 313 Mass. 72, 46 N.E.2d 557, 146 A. L. R. 772; 84 C. J. S., Taxation, section 225.

For the reasons above stated the judgment of the trial court should be and is affirmed.—Affirmed.

BLISS, C. J., and OLIVER, GARFIELD, SMITH, THOMPSON, LARSON, and PETERSON, JJ., concur.