Public Utilities Commission,
No. 5175.

GRANITE STATE GAS TRANSMISSION, INC.

*v.*

STATE OF NEW HAMPSHIRE *& a.*

Argued January 7, 1964.
Decided July 17, 1964.

*Orr & Reno, Charles H. Toll, Jr.* and *Ronald L. Snow* (*Mr. Toll* orally), for the plaintiff.

*William Maynard,* Attorney General and *Frederic T. Greenhalge,* Assistant Attorney General (*Mr. Greenhalge* orally), for the State.

PER CURIAM. The issue in this appeal is whether the customers of the plaintiff public utility are entitled to receive the total amount of a refund which the plaintiff received from its supplying utility upon reduction of the latter's rates. See Annot. 18 A.L.R. 2d 1343. The refund received by the plaintiff was approximately $144,000 of which approximately $83,000 was distributed to its customers. The New Hampshire Public Utilities Commission ordered the balance of $61,000 be refunded and the plaintiff appealed.

We reject the plaintiff's first contention that the Public Utilities Commission has no statutory authority to order a refund. While it is true that the Commission has been given no express statutory authority to order refunds, we entertain no doubt of its power to do so in proper circumstances (RSA 365:29). The Commission has authority to act upon its own motion or upon complaint in behalf of the public in any situation where service or rates may be directly affected by its order. *State* v. *New Hampshire Gas & Electric Co.*, 86 N. H. 16, 29. Its authority in the present case is derived in part from RSA 378:10, which reads as follows: "PREFERENCES. No public utility shall make or give any undue or unreasonable preference or advantage to any person or corporation, or to any locality, or to any particular description of service, in any respect whatever, or subject any particular person or corporation or locality, or any particular description of service, to any undue or unreasonable prejudice or disadvantage, in any respect whatever." This statute together with RSA 365:29 gives the Commission authority to

prevent unreasonable prejudice or disadvantage to customers. *Public Service Co.* v. *State*, 102 N. H. 150, 164; see *Pennichuck Water Works* v. *State*, 103 N. H. 49.

We turn to the question whether the Commission was justified in ordering the plaintiff to distribute the total refund it received from its natural gas supplier. None of the plaintiff's six customers objected to the portion of the refund they received from the plaintiff. While this did not prevent the Commission from reviewing the matter in the public interest, it is some indication that the apportionment used by the plaintiff in making refunds to its customers may have had some basis in fact. See *Power Comm'n* v. *Interstate Gas*, 336 U. S. 577, 582. Furthermore the State in its brief "does not object to the basis used for apportionment but only to the fact that the entire refund was not passed on to Granite's customers." The method of apportionment used by the plaintiff was based upon whether or not the temporary rate increases had been passed on to the consumer in fact. If the price charged the plaintiff's customers was not increased during the period that each temporary increase by Tennessee Gas was in effect, the customer received no refund. If a portion of the gas sold a customer was sold at an increased rate and a portion was not, a refund was made only with respect to that portion sold at an increased rate. If the gas purchased by the customer was at an increased rate, then it received a refund calculated on the basis of all its purchases. Granting that the regulation of natural gas rates is "that most frustrating of all current public utility problems" (Bonbright, Principles of Public Utility Rates viii (1961)), this would seem to accomplish more rough justice than the order of the Commission requiring an across-the-board distribution of the total refund to customers irrespective of whether they had paid for the temporary increases which in large part had been absorbed by the plaintiff. The record in this case shows the plaintiff had absorbed more than 85% of the total cost of the rate increases by Tennessee Gas.

We do not adopt the view that a gas company is under no obligation to pass along refunds to its customers. 71 Public Utilities Fortnightly 65-67 (June 20, 1963). Nor do we adopt the view that the Public Utilities Commission has no statutory authority in any case to order such a refund. *Cf. Re Hartford Gas Company*, 48 PUR 3d 178 (Conn. 1963). However, we

do hold that in the circumstances of the present case the refunds made by the utility to its customers were fair, reasonable and proper, and that the Commission's order requiring a total refund was not warranted on the record.

*Appeal sustained.*

All concurred.