The STATE BOARD OF EQUALIZATION of the State of Wyoming, Roy E. Kane, as County Assessor of Laramie County, and Paul Groesbeck, as Treasurer of Laramie County, Appellants (Defendants below),

v.

WYOMING AUTOMOBILE DEALERS ASSOCIATION, a Wyoming corporation, on behalf of its dealer members, and Tyrrell Chevrolet Company, a Wyoming corporation, Appellees (Plaintiffs below).

No. 3313.

Supreme Court of Wyoming.

Oct. 20, 1964.

John F. Raper, Atty. Gen., A. Fred Miller, Special Asst. Atty. Gen., John W. Pattno, Laramie County & Prosecuting Atty., Cheyenne, for appellants.

Brooke Wunnicke and A. Joseph Williams, of Williams, Wunnicke & Fennell, Cheyenne, for respondents.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case concerns the contention of automobile dealers that they are exempt from the payment of any tax on that part of their inventories consisting of new and used motor vehicles, because of the provision in § 31-14, W.S.1957, to the effect that registration fees imposed upon motor vehicles

and upon the owners thereof shall be in lieu of all other taxes.

Upon the complaint of Wyoming Automobile Dealers Association and Tyrrell Chevrolet Company the district court granted a permanent injunction against tax officials of the state and Laramie County, restraining them from the assessment and collection of an inventory tax upon new and used motor vehicles held by automobile dealers for sale. The defendant-officials have appealed seeking a reversal and dissolution of the injunction.

Without discussing that portion of the argument made by appellee-dealers that the legislature has power to exempt them from the payment of an inventory tax, we will say at the outset we are of the opinion it has not done so.

It is unnecessary in this case to inquire whether § 31-14 is constitutional because the very exemption claimed by appellees is predicated upon that section. If it is not a valid enactment, no exemption could be claimed in any event. Furthermore, appellants do not question the validity of the law. Instead, they take the position that under any reasonable interpretation the statute fails to grant the claimed exemption.

■ The pertinent provisions of the inventory-tax statute (§ 39-79, W.S.1957), from which plaintiffs are claiming an exemption, are these:

"Any person owning or having in his possession or control, within this state * * * any personal property purchased either in or out of this state, with a view of being sold at an advance price or profit * * * shall be held to be a merchant for the purposes of this act; such property shall be listed for taxation, and in estimating the value thereof, the merchant shall take the average value of such property in his possession, or control, during the year next previous to the time of listing * * *."

The pertinent provisions of § 31-14, under which automobile dealers claim to be exempt from inventory taxes, are as follows:

"The state registration and county registration fees, imposed by this act, upon motor vehicles * * * and upon the owners thereof by reason of such ownership, shall be in lieu of all other taxes, * * * provided * * * that this section shall not be so construed as to exempt from ad valorem taxes any such motor vehicles * * * in process of manufacture or held in storage. * * *"

As both these statutes refer to *owners* of personal property, they must be considered pari materia and therefore be read together in order to ascertain their respective meanings and the whole of legislative intent.

A holding against the exemption asserted is in keeping with fundamental rules of taxation. We mention two of them:

■■ First, exemptions are not favored and generally taxation is held to be the rule and exemption the exception, which means there is a presumption against a grant of exemption and in favor of the taxing power. Appeal of Chicago & North Western Ry. Co., 70 Wyo. 84, 246 P.2d 789, 795, rehearing denied 70 Wyo. 119, 247 P.2d 660; State Tax Commission v. Graybar Electric Company, Inc., 86 Ariz. 253, 344 P.2d 1008, 1012; Cornell College v. Board of Review of Tama County, 248 Iowa 388, 81 N.W.2d 25, 26. See also 84 C.J.S. Taxation § 225, pp. 431-432.

■ Second, exemption from taxation is a privilege personal to the grantee and in the absence of an express provision therefor will not pass to a person taking the property by sale. Preparatory Training Institute v. City of Trenton, 19 N.J.Misc. 543, 22 A.2d 5, 6; Stark v. Kreyling, 207 Ind. 128, 188 N.E. 680, 681. See Appeal of Woods Schools, 406 Pa. 579, 178 A.2d 600, 603; and also 84 C.J.S. Taxation § 236, p. 453.

■ The language employed in § 31-14, construed in the light of these rules and particularly in the light of the second, seems

to limit the exemption from all other taxes to the owner upon whom registration fees have been imposed, he only being the grantee of the exemption. Such exemption cannot pass to a vendee or other owner, whether he be a dealer or some other person. In the case of a purchaser who is not a dealer, he of course makes a registration and he thereby obtains exemption from other taxes. See Ch. 12, § 1, S.L. of Wyoming 1963.

Section 31–14 provides that state registration and county registration fees, "imposed by this act," upon motor vehicles and upon the owners thereof, shall be in lieu of all other taxes. The act referred to was originally Ch. 122, S.L. of Wyoming 1929. It actually imposed only a county registration fee. There were provisions requiring every owner, "except as in this Act otherwise provided," to make an *application for registration;* to pay the county registration fee; and in addition to pay the state registration fee "prescribed by" Ch. 69, § 4, S.L. of Wyoming 1921, as amended by Ch. 139, § 1, S.L. of Wyoming 1925.

Obviously, an automobile dealer along with all other motor-vehicle owners would be required to separately register each and every vehicle owned and pay the registration fees for each separate vehicle, *unless* dealers could show the act "otherwise provided" for them.

■ In that regard, § 6 of the act permitted dealers to make application for and receive a license to be used for all motor vehicles owned by them and not operated for private use. This was obviously intended to substitute such licensing of dealers' vehicles for the registration of motor vehicles required of other owners. The license fee thus required of a dealer was not predicated upon a vehicle's value, as is the case of required registration, and consequently was unrelated to taxation. Hence, dealers are not required to register and pay registration fees (as that term is used in the act) on each separate vehicle they might own but hold for purposes of sale.

■ Therefore, since 1929, dealers must be considered as being in the "otherwise provided" category of motor-vehicle owners and, as such, relieved from the obligation to separately register and pay registration fees on each and every vehicle held by them for sale. Consequently, they are not exempted from the inventory tax provided for the class of property which is owned and held only for the purpose of sale, since they are not required to register and pay registration fees upon vehicles owned and held by them for that purpose. They are, therefore, not exempted from the payment of inventory taxes, because they are not included in the class of owners referred to in § 31–14.

There has been no material change in this situation since 1929. However, what was originally § 6 of the 1929 law has since been repealed and a different procedure established for the obtaining of license plates by dealers. See Ch. 221, § 10, S.L. of Wyoming 1955; and §§ 31–53 to 31–60, W.S. 1957, and amendments thereto.

It follows that if no county registration fees are imposed upon dealer-owners of motor vehicles which are held only for the purpose of sale, it cannot be claimed that registration fees have been imposed upon such vehicles *and* upon the owners thereof who claim exemption. In the absence of such imposition, there will have been nothing collected from dealers in lieu of other taxes under the motor-vehicle registration laws of this state. In consequence, motor-vehicle dealers must be kept on a par with other merchants in the assessment of inventory ad valorem taxes.

The denial of an exemption in this case is not unreasonable or inequitable. According to the provisions of § 31–73, W.S. 1957, a person who purchases a motor vehicle from a dealer, with his old vehicle given in exchange, will register the new vehicle and receive full credit for the unused portion of the state registration fee and county registration fee paid by him in the original registration.

Also, with respect to vehicles purchased after April first in any year, the county registration fee payable thereon is prorated according to the number of calendar months remaining in the year. See Ch. 227, S.L. of Wyoming 1961. And, when a vehicle is purchased after July first in any year, only one-half of the state registration fee is paid thereon. See Ch. 12, § 3, S.L. of Wyoming 1963.

Thus, for the most part, registration fees are not paid by any taxpayer for the period of time a motor vehicle is owned by a dealer and held by him for sale. Consequently, it is not inequitable for such a vehicle to be included, during the time it is held by the dealer for sale, in arriving at the average value of his inventory.

Under our disposition of the case, there is no occasion to pass upon the state's alleged error of the trial court in refusing to admit evidence of past administrative rulings concerning the statutes. However relevant and proper such evidence may have been, it was cumulative. More importantly, it could not affect a claimed exemption which, as we have indicated, was without legal basis.

The injunction against state and county tax officials was improper and it should be dissolved.

Reversed.