472 P.2d 648

**NEW MEXICO ELECTRIC SERVICE COMPANY, a corporation, Petitioner-Appellee,**

v.

**NEW MEXICO PUBLIC SERVICE COMMISSION, Respondent-Appellant.**

**No. 8993.**

Supreme Court of New Mexico.

July 20, 1970.

684

James A. Maloney, Atty. Gen., John D. Donnell, James L. Parmelee, Jr., Special Asst. Attys. Gen., Santa Fe, for respondent-appellant.

Neal & Neal, Don Maddox, Hobbs, Modrall, Seymour, Sperling, Roehl & Harris, Kenneth L. Harrigan, Albuquerque, for petitioner-appellee.

## OPINION

COMPTON, Chief Justice.

This is an action to annul and vacate an order of appellant requiring appellee to pay over to its general customers the balance of a refund obtained from its wholesale power supplier, Southwestern Public Service Company. The cause was tried to the court; the court found appellant to be without jurisdiction in the matter and granted the requested relief from which order appellant appeals.

On September 9, 1965, the Federal Power Commission issued an order requiring Southwestern to reduce the wholesale contract rate of power sold to appellee as of April 2, 1965. The order did not become final until April 1, 1966. During the interim Southwestern continued to bill appellee at the rate that was in effect prior to the order. Southwestern refunded to appellee the amount of $769,664.51 in order to give appellee the benefit of the ordered rate reduction as of April 2, 1965. There was no requirement made by the Federal Power Commission that such refund be made and the money was received by the appellee without any restrictions or conditions as to its use or disposition. Appellee paid $274,450.43 of the refund plus interest to certain of its customers with whom it had contracts requiring their rates to be adjusted according to the cost of wholesale power to appellee. The balance of the refund $495,214.08, was retained by appellee. Appellant on its own motion held a series of hearings and finally ordered appellee to pay over a sum of $935,569.00 which consisted of the aforesaid sum of $495,214.08, plus the sum of $440,354.00, representing hypothetical savings to the appellee by imposing authorized rate schedules during which time Southwestern was charging appellee under a reduced rate schedule. Appellee then filed a petition for review in the district court and, following a favorable ruling by the court, this appeal was filed.

The decisive question here is whether appellant had authority to order appellee to pay over to its customers the balance of the refund it obtained from Southwestern. We think the ruling of the trial court was correct in holding that appellant had no such authority.

Appellant is an administrative body created by statute and must therefore find its authority and jurisdiction conferred upon it either expressly or by necessary implication from the same statutory authority. Winston v. New Mexico State Police Board, 80 N.M. 310, 454 P.2d 967; Vermejo Club v. French, 43 N.M. 45, 85 P.2d 90; 1 Am.Jur.2d, Administrative Law, §§ 72–73. The New Mexico Public Utility Act, § 68–3–1 et seq., N.M.S.A.1953, as amended, does not grant appellant express authority to issue its order here under consideration.

The appellant concedes there is no express statutory authority for the Public Service Commission to order the flowthrough of refunds to consumers. However, it does contend that the necessary implied authority is found in the Act, § 68–

3–1.1, 68–5–4 and 68–6–7, subd. C, N.M.S.A.1953, as amended. We cannot agree. Even if § 68–3–1.1 can be considered (the effective date of this 1967 amendment to the Act was after these proceedings commenced), it is primarily a statement of policy and not a grant of power. Section 68–5–4 treats matters which have no relation to a refund.

Section 68–6–7, subd. C allows a public utility to provisionally collect increased rates upon the posting of security to guarantee refund of rates if they are found to be excessive. To support its view appellant cites Texas Eastern Transmission Corp. v. Federal Power Com'n, 414 F.2d 344 (5 Cir. 1969), a case where, as here, the central issue was the authority of the Commission to order a flow-through type refund. Authority in that case was implied from 15 U.S.C. § 717c(e), a statute somewhat similar to § 68–6–7, subd. C. However, our statute does not confer authority on appellant to order appellee, who did not invoke appellant's jurisdiction for approval of increased rates and who collected only previously approved rates, to divest itself of monies lawfully and unconditionally coming into its possession.

█ Appellant next seeks to justify its order upon the basis of necessary implication from § 68–6–6, N.M.S.A.1953, which prohibits any public utility from giving any unreasonable preferential treatment to any corporation or person within any classification as to rates or services. Appellant relies on the case of Granite State Gas Transmission, Inc. v. State, 105 N.H. 454, 202 A.2d 236 (1964) and its interpretation of a similar statute. It was contended there that there was de facto discrimination between special contract customers, who received refunds, and the general contract customers who did not receive refunds. We do not find this situation existing here. The rate schedules filed by each public utility must set forth the classification of users and the rate to be charged each. Section 68–6–4, N.M.S.A.1953. Appellee has complied with this statute with the approval of the appellant. There is no showing of discrimination within the classifications as established by appellee and, therefore, the position of appellant has no merit.

█ Finally, appellant seeks to justify its order on the basis that the refund from Southwestern to appellee constitutes a trust fund belonging to appellee's customers. In support of this contention appellant cites the cases of Citizens Utilities Co. v. City of La Junta, 121 Colo. 261, 215 P.2d 332 (1950) and Public Service Co. v. City and County of Denver, 153 Colo. 396, 387 P.2d 33 (1963). However, we find no basis for the finding of the existence of such a trust fund. In the former case, the monies involved were held in a fund by the circuit court and were under its jurisdiction. The latter case is not in point as it involved a suit against the City for a tax refund that had been paid based upon increased gross revenue. On the other hand, the monies here involved were ordered paid over to appellee by the Federal Power Commission without any restrictions. In fact, there was nothing in the order indicating an intention on the part of the Commission to create a "trust fund" for the benefit of the ultimate consumers. See Natural Gas Pipeline Co. of America v. Federal Power Com'n, 141 F.2d 27 (7 Cir. 1944) and Cummings v. Commonwealth Edison Company, 64 Ill.App.2d 320, 213 N.E.2d 18. We observe, also, that our Act, unlike Colorado's Public Utilities Act, contains no authority to order reparations or refunds of rates already collected.

Having concluded that appellant did not have authority to issue its order to appellee, it is not necessary to consider other points raised by appellant.

The order of the court should be affirmed.

It is so ordered.

TACKETT and McKENNA, JJ., concur.