The PUBLIC SERVICE COMMISSION of the State of Wyoming, Appellant (Respondent-Appellee),

v.

FORMAL COMPLAINT OF WWZ COMPANY, Appellee (Petitioner-Appellant).

No. 5594.

Supreme Court of Wyoming.

Feb. 25, 1982.

Steven F. Freudenthal, Atty. Gen., Walter N. Perry, III, Steven R. Shanahan, Senior Asst. Attys. Gen., Cheyenne, for appellant.

No appearance on behalf of appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

The Wyoming Public Service Commission (PSC) appeals from the district court's order which found that appellant PSC unlawfully refused to take jurisdiction over private sewage disposal companies, and from the district court's order requiring it to assume jurisdiction over such companies.

The issue on appeal is: Does a private sewage disposal company fall within the definition of "public utility"?

We will reverse the district court.

In October, 1980, the PSC received a complaint from the WWZ Company. The complaint asked that the PSC "take jurisdiction of Radix, Inc., with regard to its sewer rates and particularly the rate increase instituted effective October 1, 1980." Appellee WWZ Company is a partnership which owns and operates Green Valley Mobile Home Park within the Riverwest Estates Subdivision. The subdivision and the mobilehome park are within the boundaries of, and receive water from, the Brooks Water and Sewer District. Radix, Inc. has a sewage treatment facility in the Brooks Water

and Sewage District and provides sewage disposal service to the appellee's tenants.

On December 8, 1980, the PSC entered its order dismissing the complaint as nonjurisdictional. The appellee then filed its petition for review in the District Court, Natrona County. In July 1981, the district court heard oral argument and on July 16, 1981, filed its decision letter. The court entered its order on August 10, 1981. The court found:

"1. That the Public Service Commission of the State of Wyoming has unlawfully withheld action.

"2. That the conclusions in the agency [PSC] order of December 18, 1980, are unlawful and should be set aside as they are not in accordance with law, and are in excess of statutory limitations or lacking statutory right."

On the basis of these findings the district court reversed the PSC order, remanded the matter to the PSC for proceedings in accordance with § 37-3-114, W.S.1977, and ordered the PSC to assume jurisdiction over all private sewer companies in Wyoming. In essence, the district court found that private sewage disposal companies are within the definition "public utility" provided by § 37-1-101(a)(vi)(E), W.S.1977, and are therefore subject to the PSC's regulatory authority under § 37-2-112, W.S.1977.[1] PSC appeals from the August 10, 1981, order of the district court.

I

The scope of review of an order of an administrative agency is set out in § 9-4-114(c), W.S.1977, as amended:

"(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited

1. Section 37 2 112 powers:
"The commission shall have general and exclusive power to regulate and supervise every public utility within the state in accordance with the provisions of this act."

by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

"(i) Compel agency action unlawfully withheld or unreasonably delayed; and

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

"(C) In excess of statutory jurisdiction, authority or limitations, or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

In *Board of Trustees of School District No. 4, Big Horn County v. Colwell*, Wyo., 611 P.2d 427 (1980), we said:

"For the purpose of reviewing the propriety of the district court's action, we will review the agency action as though the appeal were directly to this court from the agency. We are governed by the same rules of review as was the district court. [Citations.]" [2]

## II

The PSC generally has jurisdiction over those public utilities defined in § 37–1– 101(a)(vi), W.S. 1977. The narrow issue on appeal is whether private sewage disposal systems are included in § 37–1–101(a)(vi) which provides in pertinent part:

" 'Public utility' means and includes every person that owns, operates, leases, controls, or has power to operate, lease or control;

\*　　\*　　\*　　\*　　\*　　\*

"(E) Any plant, property or facility for the supply, storage, distribution or furnishing to or for the public of water for manufacturing, municipal, agriculture or domestic uses, except and excluding any such plant, property or facility owned by a municipality." [3]

The district court apparently was of the opinion that a complete water distribution system includes removal, treatment, and disposal of sewage as well as furnishing water to the public for consumptive uses. The district court was also of the opinion that unless jurisdiction over private sewage disposal systems is implied, § 37–1–101(a)(vi)(E), W.S.1977, does not make sense.

In its decision letter the district court employed expansive definitions of words contained in § 37–1–101(a)(vi)(E), W.S. 1977, and concluded "the concept imparted by the language used in the statute easily includes the function of removing water after delivering it." We disagree.

Apparently the district court perceived a legislative gap. To close this gap it inter-

2. The review by the district court of an order of an administrative agency which has statewide jurisdiction seems to be an unnecessary proceeding. The district court review seems to be far more appropriate with respect to actions of those agencies having local jurisdiction within the geographic areas which the district court serves. The legislature at some time may want to provide for direct appeal to the Supreme Court from decisions of those administrative agencies having statewide jurisdiction. Of course, if it did so, there would be an indicated need to modify some aspects of Rule 12.08, W.R.A.P.

3. Other exceptions to a grant of jurisdiction are set out in § 37–1–101(a)(vi)(H) which provides in pertinent part:

"None of the provisions of this chapter shall apply to \* \* \* mutual water companies or associations having no capital stock and furnishing water service to members of such companies or associations only, and without charges other than assessments of members to reimburse such companies or associations for expenses incurred in their establishment or operation \* \* \*."

Another exception to the PSC's jurisdiction is provided by § 41–10–101, W.S.1977, et seq., which establishes water and sewer districts and provides for a separate system for the regulation of such districts, with no regulatory control by the PSC.

preted § 37–1–101(a)(vi)(E), W.S.1977, in such a way as to include private sewage disposal companies within the definition of public utility, and therefore within the regulatory jurisdiction of the PSC. To fill this gap the district court found that sewage disposal is implicitly a part of a water distribution system. Section 37–1–101(a)(vi)(E) W.S.1977, speaks about "water for manufacturing, municipal, agriculture or domestic uses." It does not speak about sewage. Water for consumptive uses cannot be sewage. No strict or reasonable interpretation of the statute can make sewage into water, or a sewage disposal facility into a water distribution facility.

By creative statutory interpretation the district court attempted to amend the statute by reading into it an ill-defined "concept" which would expand the plain meaning of the statute. The district court would have distribution include disposal, and domestic water include sewage.

■■■ The PSC has no inherent or common-law powers, but has only the power and authority granted to it by the Wyoming Constitution and statutes. Furthermore, the statutes creating and empowering the PSC must be strictly construed and any reasonable doubt of the existence of any power must be resolved against the exercise thereof. *Tri-County Electric Association v. City of Gillette*, Wyo., 525 P.2d 3 (1974).

■■■ This rule of strict construction appropriately limits the exercise of governmental agency powers to those expressly enumerated by constitution or statute, and to those implied or incidental powers necessary and proper to carry out the enumerated powers. Creative statutory construction is not compatible with strict statutory construction. Section 37–2–127, W.S.1977, sets out implied powers of the PSC:

> "In addition to the powers herein specifically granted, the commission shall have such implied or incidental powers as may be necessary and proper, effectually to carry out, perform and execute all the powers so granted. * * *"

■ Granted the PSC has implied powers to effectuate its specific authority. However, such implied powers are only those derived by necessary implication from express statutory authority granted to the agency. *Greater Anchorage Area Borough v. City of Anchorage*, Alaska, 504 P.2d 1027 (1972); *New Mexico Electrical Service Company v. New Mexico Public Service Commission*, 81 N.M. 683, 472 P.2d 648 (1970); *Basin Flying Service v. Public Service Commission*, Utah, 531 P.2d 1303 (1975); *State ex rel. Puget Sound Navigation Co. v. Dept. of Transportation of Washington*, 33 Wash.2d 448, 206 P.2d 456 (1949).

The definition of "public utility" as set out in § 37–1–101(a)(vi)(E), W.S.1977, has not changed from the definition in § 5453(e), W.C.S.1920. The PSC so far as is known has never attempted to assert jurisdiction over private sewage disposal companies under § 37–1–101(a)(vi)(E), W.S.1977, or any prior statute.[4] It seems to have always interpreted the statute as excluding sewage disposal. In addition, the Wyoming Attorney General issued an opinion which found that the Public Service Commission does not have jurisdiction over private sewer companies. Wyoming Attorney General Opinion 79–033 (November 28, 1979).

■■■ Administrative interpretation of a statute and opinions of the Attorney General are entitled to weight when the legislature has failed over a long period of time to make any change in the statute. Such failure is some indication of an acquiescence by the legislature to administrative interpretation and to the opinion of the Attorney General. *School District Nos. 2, 3, 6, 9, and 10 in the County of Campbell v. Cook*, Wyo., 424 P.2d 751 (1967). During the past sixty years, the legislature has had ample opportunity to amend the statute to include the words "sewage disposal," but it has not. Such long-standing acquiescence is an indication of legislative intent.

4. See "State Jurisdiction Over the Regulation of Energy Distribution and Other Public Utility Services," 15 Land & Water Law Review (No. 2) 535, 540 (1980).

There appears to be a legislative gap; private sewage disposal companies should perhaps be regulated by the PSC. That, however, is a matter for the legislature, not the courts.

We hold that a private sewage disposal company is not a public utility within § 37–1–101(a)(vi)(E), W.S.1977, and that the order of the PSC dismissing appellee's complaint for lack of jurisdiction was proper.

The order of the district court is reversed and vacated.