In the Matter of the Petitions for a Change in Point of Withdrawal of a Portion of the Water for the Town of Pine Bluffs No. 4 Well, Permit No. UW–13170 with a Priority of December 31, 1971, and a Portion of the Water for the Town of Pine Bluffs No. 5 Well, Permit No. UW–3994 with a Priority of January 2, 1970; to the Town of Pine Bluffs Municipal Well.

The TOWN OF PINE BLUFFS, Appellant (Petitioner),

v.

The STATE BOARD OF CONTROL OF the STATE OF WYOMING, Appellee (Respondent).

No. 5657.

Supreme Court of Wyoming.

July 13, 1982.

Jack R. Gage, Hanes, Gage & Burke, P. C., Cheyenne, for appellant.

Steven F. Freudenthal, Atty. Gen., Walter Perry, III, Sr. Asst. Atty. Gen., Lawrence J. Wolfe, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

The State Board of Control of the State of Wyoming, appellee, denied the petition of the Town of Pine Bluffs, appellant, to transfer a part of the adjudicated right of the town wells Nos. 4 and 5 to town well No. 1. The District Court for Laramie County affirmed the order of appellee.

Reduced to its simplest terms the issue on appeal is, does § 41–3–917, W.S.1977, authorize a partial change in well location?

We will affirm.

As part of its municipal water supply system appellant has six water wells. Well No. 4 pumps 470 to 500 gallons per minute (GPM), and has an adjudicated capacity of 850 GPM. Well No. 5 produces 430 GPM and has an adjudicated capacity of 750 GPM. Well No. 1 has a capacity to produce 1,200 GPM, but has an adjudicated right for only 375 GPM. Wells 4 and 5, then, have more adjudicated water than they can produce; and Well No. 1 has more capacity to produce than it has adjudicated water rights. For this reason, appellant wants to transfer part of its adjudicated water rights in Wells 4 and 5 to its well No. 1.

After a hearing on appellant's petition the State Board of Control concluded:

\* \* \* \* \* \*

"2. That in adjudicating a well no guarantees are made that the adjudicated rate

will always be available at that location. The appropriator is not entitled to make up any deficiency at a different point of withdrawal while still maintaining the same priority and still withdrawing a portion of the water at the original well location.

"3. That a ground water appropriator is entitled to the g. p. m. adjudicated as a maximum rate of withdrawal if and when available at the well location adjudicated and only for the uses specified.

   *     *     *     *     *     *

"5. That the change in well location statute, W.S. 41-3-917, does not contemplate the kind of change of withdrawal proposed by the petitions."[1]

The appellant filed its petition with the State Board of Control pursuant to § 41-3-917, W.S.1977, which provides in part:

"(a) An appropriator of underground water may change the location of his well without loss of priority to a point within the same aquifer by securing approval of the state board of control if the ground-water right has been adjudicated. * * "

A "well" is defined in § 41-3-901(a)(iv), W.S.1977, as:

"(iv) 'Well' means any artificial opening or excavation in the ground, however made, by which underground water is sought or through which it flows under natural pressure or is artificially withdrawn, and a series of wells developed as a unit and pumped collectively by a single pumping unit shall be considered as one (1) well;"

Section 41-3-917, W.S.1977, authorizes an appropriator to "change the location of his well." The statute does not by its terms authorize a partial transfer of an adjudicated right of a well.

## I

The scope of review of an order of an administrative agency is set out in § 9-4-114(c), W.S.1977, as amended:

"(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

"(i) Compel agency action unlawfully withheld or unreasonably delayed; and

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

---

[1] The district court below decided that the Board of Control's decision should be upheld because appellant had failed to prove the wells were all in the same aquifer, a statutory prerequisite for allowing the change in location of a well. However, the Board of Control made no finding or conclusion on this issue. There is a line of cases which says that an appellate court may not affirm an agency action based on an issue on which there is no agency finding. *Securities and Exchange Commission v. Chenery Corporation*, 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943) established the rule that the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.

This is a stiffer rule than that applied to the review of decisions of lower courts. The Supreme Court stated: "We do not disturb the settled rule that, in reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.' [Citation.]" *Securities and Exchange Commission v. Chenery Corporation*, supra, at 88, 63 S.Ct. at 459.

The justification for the difference is that a reviewing court may formulate the ground upon which a lower court should have acted, but may not initially decide a question which is committed to an agency for initial determination.

The district court disposed of this case on a different basis, but since we may affirm a judgment on any legal ground in the record, we do not need to address the problem of whether to apply the rule in *Chenery*. *Manning v. Schweer*, 646 P.2d 175 (Wyo.1982); and *Agar v. Kysar*, Wyo., 628 P.2d 1350 (1982).

"(C) In excess of statutory jurisdiction, authority or limitations, or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

In *Board of Trustees of School District No. 4, Big Horn County v. Colwell*, Wyo., 611 P.2d 427 (1980), we said:

"For the purpose of reviewing the propriety of the district court's action, we will review the agency action as though the appeal were directly to this court from the agency. We are governed by the same rules of review as was the district court. [Citations.]"

## II

We are not aware of any case in Wyoming or elsewhere dealing with the transfer of a portion of an underground water right. Appellee poses the question of whether such a transfer is possible: "How do you move half of a hole in the ground?"

Appellee's own regulations contemplate that the change in location of a well is designed for the replacement of a well. The Board of Control set forth the required elements of a petition to change location in Part IV, Chapter V, Section 11, revised as of 1974. One of the elements specified is Item 8 (Section 11(j)):

"Specify that the old well will be properly abandoned and sealed * * *."

Appellee's interpretation here of § 41–3–917, W.S.1977, is consistent with the State Engineer's interpretation. The State Engineer's regulations and instructions were revised in January 1974. The relevant part of these regulations is Part III, Chapter I, Section 2(b), which states:

"The location of a well may be changed (that is, *the well may be replaced*) without loss of priority, provided that the well is completed in the same aquifer as the original well and *the original well is properly removed from service*. A petition

requesting a change of location must be approved by the State Engineer if the water right is not adjudicated, or by the State Board of Control if the water right is adjudicated." (Emphasis added.)

It is apparent from these regulations that the State Engineer does not consider a partial transfer to be authorized by § 41–3–917, W.S.1977, but instead has interpreted the statute to authorize the replacement of a well, after which the old well is removed from service.

The State Engineer and the Board of Control have consistently interpreted § 41–3–917, W.S.1977, to authorize the replacement of a well, but not to authorize the partial transfer of some of the adjudicated capacity from one well to another. We may take judicial notice of agency regulations. *In re Roby*, 54 Wyo. 439, 93 P.2d 940 (1939). We have held that contemporaneous construction of a statute by the administrative authorities must be given weight in interpreting a statute, unless the construction is clearly erroneous. *Langdon v. Lutheran Brotherhood*, Wyo., 625 P.2d 209 (1981).

Administrative interpretation of a statute is also entitled to weight when the legislature has failed over a long period of time to make any change in the statute, since the failure to change the statute is some indication of an acquiesence by the legislature to administrative interpretation. *Public Service Commission v. Formal Complaint of WWZ Company*, Wyo., 641 P.2d 183 (1982). This principle is particularly compelling where the legislature can be considered to have knowledge of the interpretation made by the administrative agency. *In re Roby*, supra. Legislative knowledge may be implied by virtue of the promulgation of written regulations.

Appellant points out that an appropriator of surface water may transfer part of his appropriation. It argues that an appropriator of underground water should be able to do likewise. Section 41–3–114(c), W.S.1977, regarding surface water, provides for a petition, "For a change in point of diversion and means of conveyance for all

or part of the appropriation." The legislature has provided for a partial transfer of an adjudicated surface water right, but it has not so provided for a ground water right.

Appellant argues that the legislature did not authorize a partial change in location for ground water because it did not contemplate the problem. This may or may not be true. There may be compelling reasons why multiple holes should not be punched in the ground in connection with a single adjudicated right to ground water. Furthermore, it is just as logical to assume that the legislature did think of the problem but rejected it. They surely thought of it when they provided for a transfer of part of an appropriation for surface water. We cannot assume that the legislature did not think of the same problem with respect to ground water.

Granted, there may in fact be a legislative oversight; perhaps appropriators of ground water should be able to effect a partial transfer. That fact would not grant this court the authority to rewrite the statute to allow a partial transfer. Courts may not usurp the power of the legislature by deciding what should have been done. *Public Service Commission v. Formal Complaint of WWZ Company, supra.*

### III

Appellant argues in passing that allowing surface water appropriators the right to a change in point of diversion for part of an appropriation but denying the same right to ground water appropriators results in an equal protection violation. However, appellant does not explain whether it is being discriminated against on the basis of a "suspect" class, or whether this discrimination interferes with a "fundamental right" (we suppose to withdraw water), or whether this allocation scheme lacks "the minimum rationality." Finally, appellant contends that "the Board's interpretation of § 41–3–917, W.S.1977, is arbitrary, capricious, characterized by abuse of discretion and not in conformity with the law." With respect to appellant's last two objections to appellee's order, it cites no authority nor makes any argument. Alleged issues or objections not substantiated by authorities or argument may be regarded as abandoned or waived. *Roberts Construction Company v. Vondriska*, Wyo., 547 P.2d 1171 (1976); and *Pickett v. Associates Discount Corporation of Wyoming*, Wyo., 435 P.2d 445 (1967).

We hold that § 41–3–917, W.S.1977, does not authorize a partial transfer of an adjudicated underground water right. Therefore, appellee's order denying the relief sought was proper.

Affirmed.