**STATE BOARD OF EQUALIZATION,**
Appellant (Respondent),

v.

**TENNECO OIL COMPANY,**
Appellee (Petitioner).

**No. 84-46.**

Supreme Court of Wyoming.

Jan. 24, 1985.

A.G. McClintock, Atty. Gen., and Ronald P. Arnold, Sr. Asst. Atty. Gen., for appellant; oral argument by Ronald P. Arnold.

Stanley K. Hathaway and Rick A. Thompson of Hathaway, Speight & Kunz, Cheyenne, for appellee; oral argument by Stanley K. Hathaway.

Before THOMAS,* C.J., and ROSE, ROONEY,** BROWN and CARDINE, JJ.

CARDINE, Justice.

Appellee, Tenneco Oil Company, is the owner of a trona mine and soda ash plant in southwestern Wyoming which was constructed during the years 1980, 1981, and part of 1982. Pursuant to requirements of state law, Tenneco purchased and installed pollution control equipment at the plant. Start-up operations for the plant were commenced in February 1982, and the entire plant has been in full operation since June 1982. Tenneco was advised by the Department of Revenue and Taxation that the pollution control equipment would not be exempt from taxation for the year 1982 because of a change in interpretation of the applicable exemption statute. Prior to this time the department had not taxed pollution control equipment. Tenneco appealed this decision to the Board of Equalization which upheld the department's interpretation of the statute although modifying the decision. Tenneco then appealed to the district court which reversed the State Board of Equalization, holding that Tenneco was entitled to the ad valorem tax exemption for the pollution control equipment. The State Board of Equalization now appeals that decision.

Appellant raises the following issue:
"Does W.S. 35–11–1103 exempt from ad valorem taxation pollution control devices under construction?"

Appellee raises an additional issue contending that the interpretation by the State Board of Equalization was arbitrary, capricious and contrary to law. However, since

---

* Became Chief Justice January 1, 1985.      ** Chief Justice at time of oral argument.

we affirm the district court's decision, we need not address appellee's contention.

The statute in question, § 35–11–1103, W.S.1977, states:

"The following property is exempt from ad valorem taxation pursuant to the provisions of this act and includes facilities, installations, machinery or equipment attached or unattached to real property and *designed, installed and utilized primarily* for the elimination, control or prevention of air, water or land pollution, or in the event such facility, installation, equipment or machinery shall also serve other beneficial purposes and use, such portion of the assessed valuation thereof as may be reasonably calculated to be necessary for and devoted to elimination, control or prevention of air, water and land pollution. The state board of equalization shall determine such exempt portion, and shall not include as exempt any portion of any facilities which have value as the specific source of marketable by-products." (Emphasis added.)

Appellant contends that the word "utilize" must be given its plain and ordinary meaning, i.e., "to make use of: turn to practical use or account," Webster's New Collegiate Dictionary (1979). The State contends, therefore, that the pollution control devices are not being "utilized" while a plant is being constructed and, therefore the pollution equipment is not exempt until the plant is operational.

■ The fundamental rules for statutory interpretation and construction are applicable. Words in a statute must be given their plain and ordinary meaning. When the meaning is plain, construction or interpretation is unnecessary. *Jahn v. Burns,* Wyo., 593 P.2d 828 (1979). The words contained in a statute must be considered in relation to one another.

" 'It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.' " 2A Sutherland Statutory Construction § 46.06 (4th Ed.1984) (quoting *State, ex rel. First Nat. Bank of Crete v. Bartley,* 39 Neb. 353, 58 N.W. 172 (1894)).

"Moreover, a statute should be construed as a whole because it is not to be presumed that the legislature has used any useless words, and because it is a dangerous practice to base the construction upon only a part of it, since one portion may be qualified by other portions." (Footnote omitted.) Crawford Statutory Construction § 165, p. 260 (1940).

When a word or phrase in a statute is susceptible of more than one meaning, it must be considered ambiguous. *State, ex rel. Albany County Weed and Pest Dist. v. Board of County Com'rs of Albany County,* Wyo., 592 P.2d 1154 (1979); *De-Herrera v. Herrera,* Wyo., 565 P.2d 479 (1977).

■ Appellant contends that the language of this statute is unambiguous and, therefore, does not lend itself to construction. We are at a loss to understand how appellant can so argue since the agency itself interpreted the statute in the manner appellee contends for from the time of its enactment in 1967 until 1982. We have stated that the divergent contentions of the parties are in themselves evidence of the ambiguity of a statute. *Basin Electrical Power Cooperative v. State Board of Control,* Wyo., 578 P.2d 557 (1978). Throughout the period from 1967 to 1982, the Department of Revenue and Taxation did not tax pollution control equipment during construction. We have adhered to the principle that administrative interpretations are entitled to deference particularly when, following those interpretations, the legislature has failed to make changes in the statute. *Public Service Comm'n v. Formal Complaint of WWZ Co.,* Wyo., 641 P.2d 183 (1982). The acquiescence of the legislature in the interpretation of the agency is indicated by their failure to amend or alter the existing statute. *Town of Pine Bluffs v. State Board of Control of State of Wyoming,* Wyo., 647 P.2d 1365 (1982). Since the Department of Revenue and Taxation exempted pollution control equipment for a considerable period of time without the legislature's making any statu-

tory changes, we must infer that this interpretation was consistent with legislative intent.

Appellant also contends that even if the statute is appropriate for construction, exceptions are to be strictly construed and, therefore, the pollution control devices should not be exempt until the plant is actually in operation. It is true that tax exemptions are not favored. The general rule is taxation; exemptions are the exception. There is a presumption created against granting exceptions and in favor of taxation. *State Board of Equalization v. Wyoming Automobile Dealers Ass'n,* Wyo., 395 P.2d 741 (1964).

> "When it is said that exemptions must be strictly construed in favor of the taxing power, this does not mean that if there is a possibility of a doubt it is to be at once resolved against the exception. It simply means that if, after the application of all rules of interpretation for the purpose of ascertaining the intention of the legislature, a well founded doubt exists, then an ambiguity occurs which may be settled by the rule of strict construction." Cooley, The Law of Taxation § 674, p. 1415 (1924).

Legislative intent is the primary and foremost consideration in statutory construction.

> "When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent." *State, ex rel. Motor Vehicle Division v. Holtz,* Wyo., 674 P.2d 732, 736 (1983).

It is axiomatic that a statute be viewed in terms of the object and purpose to be accomplished. *State v. Stovall,* Wyo., 648 P.2d 543 (1982); *Wyoming State Treasurer v. City of Casper,* Wyo., 551 P.2d 687 (1976).

Applying these fundamental rules to this statute, we find that the statute must be considered ambiguous. This is evidenced not only by the opposing contentions of the parties but by the fact that the agency has interpreted the statute in two different ways. The word "utilize" must be read in conjunction with the entire phrase "designed, installed and utilized primarily." This phrase describes and defines the type of equipment which is exempted. It does not designate the time at which an exemption takes effect. This exemption was obviously intended to provide a tax incentive that would encourage the design, installation and utilization of pollution control equipment and devices for the beneficial public purpose of reducing or eliminating environmental pollution to the extent practical. Our decision in this case accomplishes that purpose.

We hold, therefore, that pollution control equipment is exempt upon acquisition if of a type that is ordinarily designed, installed and utilized primarily for pollution control. Appellant expresses a concern that a decision upholding the district court would mean that, as stated by appellant,

> "a taxpayer does not have to install a device which actually controls pollution. A taxpayer can design, install and merely intend that the device does the job. Under this scenario there would still be pollution, but the taxpayer would receive the exemption."

We do not share the fear expressed by appellant. Other statutes, such as title 35, chapter 11, W.S.1977, establishing a state Department of Environmental Quality with power to investigate, hold hearings, issue and enforce orders to prevent, control and abate pollution, effectively preclude this from occurring. The decision of the district court is, therefore, affirmed.

THOMAS, Chief Justice, specially concurring.

I agree with the rationale of the majority opinion, particularly the conclusion that this statute is ambiguous. I would, however, also invoke the rule alluded to by this

court but not applied in *Smith v. City of Casper,* Wyo., 419 P.2d 704, 706 (1966):

" * * * In the multitudinous cases which have discussed interpretation of the word 'or' as 'and' and vice versa, it seems to be the general rule that the interchange can be made only when it is necessary to harmonize the provisions of a statute, give effect to all its provisions, save it from unconstitutionality or to effectuate the obvious intent of the legislature. 50 Am.Jur. Statutes § 282 [now found in 79 Am.Jur.2d § 241]; 82 C.J.S. Statutes § 335. * * * "

I have some difficulty perceiving how the devices described in § 35–11–1103, W.S. 1977, could be "utilized" without being "installed," and it seems to me that reading the statute so that it says "designed, installed or utilized" does have the effect of harmonizing the provisions of the statute and giving effect to all its provisions. I also am persuaded that this reading does effectuate the obvious intent of the legislature. I would therefore make that construction of the statute as another reason for affirming the district court.