WHEATON COLLEGE, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Second District   No. 2—86—0927

Opinion filed May 27, 1987.

Kevin William Bloese, of Vescelus, Powell & Stock, of Wheaton, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Bret A. Rappaport, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE INGLIS delivered the opinion of the court:

This case presents the question of whether an apartment building leased by a college and used for student housing is exempt from property taxation pursuant to section 19.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 500.1). Plaintiff, Wheaton College (plaintiff), appeals from the judgment of the circuit court of Du Page County upholding the determination of defendant, the Department of Revenue of the State of Illinois (defendant), denying the exemption.

In 1976, plaintiff acquired title to the Peter Pam Apartments. Plaintiff subsequently entered into a like-kind exchange of property agreement with Mr. and Mrs. Laurel Walter. Under this agreement, plaintiff acquired several parcels of property in Wheaton from the Walters in exchange for the Peter Pam Apartments. Plaintiff transferred title to the apartments to Gary-Wheaton Bank as trustee. The Walters are the sole beneficiaries of the trust. Plaintiff then entered into a 30-year lease for the apartments. The lease provides that in addition to monthly rent, plaintiff is obligated to pay all taxes, utilities, and insurance on the property. The lease further provides that plaintiff has the sole right to alter or remove the existing structures, erect new structures, or sublet the property without the Walters' consent. Finally, plaintiff has the right to repurchase the property for $106,000 upon the death of the survivor of Mr. and Mrs. Walter. The Walters and their heirs have the reciprocal right to compel plaintiff to purchase the property at that price.

Pursuant to section 19.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 500.1), plaintiff claimed a tax exemption for the apartments for the 1983 and 1984 tax years, during which time the units were used for student housing. Defendant's hearing officer denied the exemption, and the circuit court affirmed.

Section 19.1 reads, in relevant part, as follows:

"[A]ll property of schools, *** including the real estate on which the schools are located and any other real property used by such schools exclusively for school purposes, not leased by such schools or otherwise used with a view to profit, including, but not limited to, student residence halls, dormitories and other housing facilities for students and their spouses and children *** and all lands heretofore or hereafter donated, granted, received or used for public school, college, theological seminary, university, or other educational purposes and the proceeds thereof ***. The property described in this Section shall be exempt from taxation whether owned by a resident or non-resident of this State or by a corporation, whether incorporated

in this or in any other state of the United States, and not leased or otherwise used with a view to profit." (Ill. Rev. Stat. 1985, ch. 120, par. 500.1.)

There is no question that the property in this case was used for a tax-exempt purpose. (See Ill. Rev. Stat. 1985, ch. 120, par. 500.1; *People ex rel. Goodman v. University of Illinois Foundation* (1944), 388 Ill. 363, 371.) The question is whether plaintiff may be considered to be the owner of the property.

Both parties agree that ownership of real estate is a broad concept and can apply to one other than the record titleholder. (*Mason v. Rosewell* (1982), 107 Ill. App. 3d 943, 946.) Title refers only to a legal relationship, while ownership is comparable to control. (*People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 489.) The term "owner" may include one who has the control or occupation of land with a claim of ownership. (75 Ill. 2d 479, 489.) The meaning of the term "owner" depends upon the nature and purpose of the statute involved. (*Chapman v. County of Will* (1973), 55 Ill. 2d 524, 531.) The primary incidents of ownership include the right to possession, use, and enjoyment of the property, the right to change or improve the property, and the right to alienate the property at will. 73 C.J.S. *Property* sec. 27 (1983).

The parties also agree that statutes creating tax exemptions must be construed strictly in favor of taxation. (*MacMurray College v. Wright* (1967), 38 Ill. 2d 272, 278; *People ex rel. Gill v. Trustees of Schools* (1936), 364 Ill. 131, 134.) The party claiming the exemption has the burden to show that it clearly falls within the terms of the exemption statute. (*MacMurray College v. Wright* (1967), 38 Ill. 2d 272, 278; *Rogers Park Post No. 108, American Legion v. Brenza* (1956), 8 Ill. 2d 286, 290.) Furthermore, a decision of an administrative agency relative to taxation will be reversed on administrative review only if it is contrary to the manifest weight of the evidence. *Robinson v. Property Tax Appeal Board* (1979), 72 Ill. App. 3d 155, 156; *Thermos v. Department of Revenue* (1976), 37 Ill. App. 3d 410, 412.

In arguing that it is the owner of the apartments for purposes of a section 19.1 exemption, plaintiff cites *Cole Hospital, Inc. v. Champaign County Board of Review* (1983), 113 Ill. App. 3d 96. In *Cole Hospital, Inc.*, the plaintiff used a sale-leaseback arrangement to finance property for a new hospital. The plaintiff paid all taxes, insurance, and maintenance costs, had an absolute right to purchase the property on the 11th and 16th anniversaries of the lease, and had the right of first refusal in the event of a proposed sale to a third party.

Furthermore, the lease could not be cancelled by third-party buyers. (113 Ill. App. 3d 96, 100.) The court found these facts to be sufficient incidents of ownership to qualify the plaintiff for a tax exemption on the property. (113 Ill. App. 3d 96, 100-01.) Similarly, in *Christian Action Ministry v. Department of Local Government Affairs* (1978), 74 Ill. 2d 51, 54, the seller in a real estate purchase contract held title to the property until all payments were made, but required the buyer to maintain the tax obligation. In reversing the denial of a tax exemption to the buyer, our supreme court noted that there was no meaningful difference between that arrangement and a traditional purchase-money mortgage. 74 Ill. 2d 51, 61.

■ Notwithstanding the weight of this authority, we are constrained to affirm the denial of the tax exemption in this case. Unlike *Cole Hospital, Inc.*, plaintiff does not claim that it undertook this unusual financing arrangement because it was unable to obtain conventional financing. In fact, most, if not at all, of the tax and other advantages of the transaction inured to the Walters' benefit. Similarly, the lease in the present case is unlike the installment contract in *Christian Action Ministry*, where all the buyer had to do to obtain title to the property was to complete the payments. In the instant action, although plaintiff has the right to purchase the property at the conclusion of the 30-year lease term, it must pay $106,000 to do so. Furthermore, although the lease gives plaintiff several incidents of ownership, including the right to remove existing structures and the right to sublease the property, it does not give others, such as the right to alienate fully the property.

■ Defendant correctly states that this court should strictly construe the exemption provision and give deference to the administrative agency finding. We are also guided by *Cornell College v. Board of Review* (1957), 248 Iowa 388, 81 N.W.2d 25, cited by defendant. In that case, a college purchased a parcel of land subject to a lease held by the current tenant. The purchase agreement provided that the tenant could continue to lease the property as long as either of the grantors lived. The college could not dispose of the property during the lifetime of either of the grantors. The college made annual rent payments to the grantors in an amount exactly equal to the fair rental value of the property. (248 Iowa 388, 389, 81 N.W.2d 25, 26.) In reviewing whether the college was entitled to a tax exemption under a statute similar to the statute in the instant case, the court determined that the property was not being held for the benefit of the college, but, rather, was being held for the benefit of the grantors, who were the equitable owners. (248 Iowa 388, 391, 81 N.W.2d 25, 27.) The

court held that the college was not entitled to the exemption. 248 Iowa 388, 391-92, 81 N.W.2d 25, 27.

We believe a similar result is warranted here. In light of the evidence that the leasing arrangement in question was undertaken primarily for the benefit of the Walters rather than plaintiff, we cannot say that the finding of defendant in this regard is against the manifest weight of the evidence. Plaintiff has failed to establish clearly that it falls within the terms of section 19.1. Therefore, the judgment of the circuit court upholding defendant's denial of an exemption is affirmed.

Affirmed.

DUNN and NASH, JJ., concur.